| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka (CA Bar No. 269526)<br>violatrebicka@quinnemanuel.com<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>Casey J. Adams (admitted *pro hac vice*)<br>caseyadams@quinnemanuel.com<br>51 Madison Ave. 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>*Attorneys for X Corp., successor in interest to named defendant Twitter, Inc.* | ISRAEL DAVID LLC<br>Israel David (admitted *pro hac vice*)<br>israel.david@davidllc.com<br>Hayley Elizabeth Lowe (*pro hac vice* forthcoming)<br>hayley.lowe@davidllc.com<br>Blake Hunter Yagman (admitted *pro hac vice*)<br>blake.yagman@davidllc.com<br>Madeline Sheffield (*pro hac vice* forthcoming)<br>madeline.sheffield@davidllc.com<br>17 State Street, Suite 4010<br>New York, New York 10004<br>Telephone: (212) 739-0622<br><br>ZIMMERMAN REED LLP<br>Jeff Westerman (CA Bar No. 94559)<br>Jeff.Westerman@zimmreed.com<br>6420 Wilshire Blvd., Suite 1080<br>Los Angeles, CA 90048<br>Telephone: 877-500-9780<br><br>*Attorneys for Plaintiffs Stephen Gerber and Eric Cohen*<br><br>[Additional counsel appear on signature page.] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STEPHEN GERBER and ERIC COHEN, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 4:23-cv-00186-KAW<br><br>**STIPULATED ADMINISTRATIVE MOTION TO RELATE AND CONSOLIDATE CASES PURSUANT TO LOCAL RULE 3-12 AND FEDERAL RULE OF CIVIL PROCEDURE 42**<br><br>**JUDGE:** Hon. Kandis A. Westmore |

**STIPULATED ADMINISTRATIVE MOTION TO RELATE
AND CONSOLIDATE CASES**

Pursuant to Civil Local Rule 3-12(b) and Federal Rule of Civil Procedure 42, X Corp., successor in interest to named defendant Twitter, Inc. ("Twitter"), and Plaintiffs Stephen Gerber and Eric Cohen ("Gerber Plaintiffs," and together with Twitter, "the Parties") hereby jointly move the Court to relate and consolidate *Casey Weitzman v. Twitter, Inc.*, Case No. 3:23-cv-00766 (action filed Feb. 21, 2023) ("*Weitzman*"), which is pending in this District before the Hon. Thomas S. Hixson, with this action ("*Gerber*" or together with *Weitzman* the "Actions").  All parties in both Actions have consented to both relation and consolidation.  The Parties further move the court to (1) permit the Plaintiffs in the consolidated cases to file a single amended and consolidated complaint, and (2) set an appropriate schedule in the consolidated cases.

**INTRODUCTION**

Both Actions arise from the same alleged vulnerability in Twitter's systems.  *Gerber* Amended Compl. ¶ 5 (Dkt. No. 18); *Weitzman* Compl. ¶ 40 (Dkt. No. 1-2).  The parties in both Actions agree that relating and consolidating the cases would promote judicial economy and efficiency, prevent the duplication of labor and expense by all parties, and avoid the danger of conflicting results.

**ARGUMENT**

**I.  THE COURT SHOULD RELATE AND CONSOLIDATE *GERBER* AND *WEITZMAN* BECAUSE THEY ARE SUBSTANTIALLY SIMILAR CASES**

　**A.  Legal Standard**

Local Rule 3-12(a) provides that actions may be related when they "concern substantially the same parties, property, transaction or event" and "[it] appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Federal Rule of Civil Procedure 42(a) permits district courts to consolidate actions that "involve a common question of law or fact." *See also Adkins v. Facebook, Inc.* 424 F. Supp. 3d 686, 690 (N.D. Cal. 2019) (noting that the Court "consolidated eleven putative class action lawsuits filed

in this district which arose from [the same] data breach."). District courts enjoy "broad discretion to consolidate actions." *Pierce v. Cnty. of Orange*, 526 F.3d 1190 (9th Cir. 2008) (internal quotation omitted). Consolidation is a "valuable and important tool of judicial administration" that allows courts to "eliminate unnecessary repetition and confusion. . . [and promote] judicial economy." *Devlin v. Transp. Commc'ns. Int'l*, 175 F.3d 121, 129 (2d Cir. 1999) (internal quotations omitted). "The complaints do not need to be identical for purposes of consolidation." *Mullen v. Wells Fargo & Co.*, 2021 WL 965344, at *2 (N.D. Cal. Mar. 15, 2021). In considering consolidation, "a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *S.W. Marine, Inc. v. Triple a Mach. Shop., Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989). "When there are two cases that grow out of the same set of facts, have the same lawyers and same parties, and are in the same court, it seems pretty obvious that concerns for judicial economy would strongly favor consolidation of the two cases" *Millman v. United Techs. Corp.*, No. 1:16-CV-312-PPS-SLC, 2017 WL 1165081, at *3 (N.D. Ind. Mar. 28, 2017).

### B.  *Gerber* And *Weitzman* Present Substantially Similar Factual Allegations, Claims, and Legal Issues

#### 1.  *Gerber* and *Weitzman* Arise from the Same Core Facts

*Gerber* and *Weitzman* are both putative nationwide class actions brought against Twitter. Both complaints assert claims arising from an alleged vulnerability in Twitter's Application Programming Interface ("API") that the *Gerber* Plaintiffs and *Weitzman* claim "allowed cybercriminals to exploit this defect and 'scrape' data from Twitter." *Gerber* Amended Compl. ¶ 5; *Weitzman* Compl. ¶ 40 (claiming that "threat actors" "utilized the [API] vulnerability in December 2021 to scrape information" from Twitter users). The information allegedly obtained via the API vulnerability is the same. *Gerber* Amended Compl. ¶ 30 ("The information compromised included Twitter usernames in combination with email addresses and/or phone numbers associated with specific Twitter accounts"); *Weitzman* Compl. ¶ 38 (the alleged "API vulnerability could allow attacks to feed email addresses or phone number into Twitter's API and get an associated Twitter ID for a registered account.").

In addition to the API allegations at the core of both complaints, the *Gerber* Plaintiffs and *Weitzman* both allege other deficiencies in Twitter's cybersecurity programs and policies. For example, both complaints recite allegations made by former Twitter employee Peiter "Mudge" Zatko about the company's cybersecurity practices. *Gerber* Amended Compl. ¶¶ 43-57; *Weitzman* Compl. ¶¶ 36-38. And both complaints describe past enforcement actions against Twitter by the Federal Trade Commission and the consent order currently in place as a result of the Commission's most recent action. *Gerber* Amended Compl. ¶¶ 40-42; *Weitzman* Compl. ¶¶ 32-33.

The factual allegations are not only similar, but in many cases they are drawn from identical documents. Both complaints rely on a similar set of media reports. *See, e.g.*, *Gerber* Amended Compl. ¶ 34(a) (quoting Jan. 4, 2023 article on news site Bleeping Computer about data allegedly scraped from Twitter); *Weitzman* Compl. ¶ 53 n.49 (citing same article); *Gerber* Amended Compl. ¶ 34(b) (quoting Jan. 5, 2023 CNN article); *Weitzman* Compl. ¶ 54 n.52 (quoting same article); *Gerber* Amended Compl. ¶ 44 (describing contents of whistleblower complaint filed by Mudge Zatko); *Weitzman* Compl. ¶¶ 36-37 (citing media reports describing same). Both complaints also point to an August 5, 2022 blog post by Twitter entitled *An Incident Impacting Some Account and Private Information on Twitter* as confirmation of factual allegations gathered from elsewhere. *Gerber* Amended Compl. ¶ 9; *Weitzman* Compl. ¶ 4. The similarity in factual allegations and sources weighs in favor of relation and consolidation.

2.  *Gerber* and *Weitzman* Bring the Same or Substantially Similar Claims

The legal claims in each complaint overlap and could be efficiently resolved together. The *Gerber* Plaintiffs assert claims for (1) breach of contract, (2) negligence, (3) gross negligence, (4) unjust enrichment, and (5) violation of California's Unfair Competition Law ("UCL"). *Gerber* Amended Compl. ¶¶ 75-143. *Weitzman* asserts claims for (1) negligence, (2) negligence *per se*, (3) unjust enrichment, and (4) violation of the UCL. *Weitzman* Compl. ¶¶ 80-118. The majority of claims (negligence, unjust enrichment, and UCL) are common to both complaints. And the heart of both complaints – alleged negligence arising from the API vulnerability – make them prime candidates for consolidation. *See* 9A Charles Alan Wright et al., *Federal Practice and Procedure*

§ 2384 (3d ed. 2022) ("Actions involving the same parties on closely related torts arising from the same occurrence may be consolidated.").

The only claim raised by one complaint and not clearly encompassed by the other is the *Gerber* Plaintiffs' breach of contract claim based on Twitter's Privacy Policy. This additional claim can be resolved together with the common claims and thus presents no danger of "delay, confusion and prejudice" if the cases are consolidated. *S.W. Marine*, 720 F. Supp. at 806. Thus, "each action asserts substantially the same claims against the same defendant[]" and consolidation is therefore appropriate. *Bolbol v. City of Daly City*, 754 F. Supp. 2d 1095, 1118 (N.D. Cal. 2010) (consolidating actions). In addition, all of the claims could be presented together in a consolidated and amended complaint.

### 3.   *Gerber* and *Weitzman* Seek to Represent Overlapping Classes

Plaintiffs in both *Gerber* and *Weitzman* seek to represent nationwide classes of individuals allegedly impacted by the asserted API vulnerability. Like other aspects of these cases, the proposed class definitions offered in each complaint substantially overlap. *Gerber's* proposed class definition includes "[a]ll Twitter users who had their email addresses and/or telephone numbers compromised by Twitter's API exploitation between June of 2021 and January of 2022[.]" *Gerber* Amended Compl. ¶ 66. *Weitzman's* proposed class definition includes "[a]ll individuals in the United States whose PII was compromised in the Twitter Data Breach which occurred on or about December 2021." *Weitzman* Compl. ¶ 72. The *Gerber* class definition thus subsumes the *Weitzman* class definition, which is focused on a narrower date range that falls within the one used by *Gerber*. The overlap continues for the common questions of law and fact that both complaints claim unite the class members. *Compare Gerber* Amended Compl. ¶ 70(a) ("Whether Defendant owed a duty to the Class to protect PII") with *Weitzman* Compl. ¶ 76(a) ("Whether and to what extent Defendant had a duty to protect the PII of Plaintiff and Class Members"). Relating and consolidating the cases would allow both sets of plaintiffs to align their class definitions.

## II. THE COURT SHOULD PERMIT PLAINTIFFS TO FILE A SINGLE COMPLAINT IN A CONSOLIDATED ACTION AND SET AN APPROPRIATE SCHEDULE

If the Court decides to relate and consolidate the Actions, it should permit plaintiffs to file a single, consolidated complaint. Doing so would "eliminate unnecessary repetition and confusion" ahead of a motion to dismiss. *Devlin*, 175 F.3d at 129; Fed. R. Civ. P. 42(a)(3) (providing that "[i]f actions before the court involve a common question of law or fact, the court may . . . issue any other orders to avoid unnecessary cost or delay."); *see also Jordan v. Wyndham Vacation Ownership Inc.*, 2022 WL 5109790, at *3 (D. Nev. Oct. 4, 2022) ("[C]ourts have the discretion to order the filing of a single consolidated complaint[.]"). All parties agree that allowing plaintiffs to file a consolidated complaint would promote judicial efficiency and reduce the burden on litigants.

The Parties also request that the Court enter an appropriate schedule in the consolidated actions. All parties agree that, subject to the Court's approval, the following proposed schedule set forth in the attached proposed order is appropriate and will promote a just and speedy resolution of these matters.

| Event | Deadline |
|---|---|
| Filing of Amended and Consolidated Complaint | April 20, 2023 |
| Service of Rule 26 Disclosures | April 27, 2023 |
| Last Day for the Parties to Hold Rule 26(f) Conference | May 4, 2023 |
| Filing of Initial Case Management Report | May 11, 2023 |
| Initial Case Management Conference | May 18, 2023 |
| Defendant's Responsive Pleading Deadline | June 6, 2023 |
| Plaintiffs' Response/Opposition Deadline | July 20, 2023 |
| Defendant's Reply to Responsive Pleading Deadline | September 8, 2023 |

# CONCLUSION

The Parties jointly and respectfully move the Court to order that *Weitzman* be related and consolidated with this action pursuant to Civil Local Rule 3-12 and Federal Rule of Civil Procedure 42. The Parties further request that the Court (1) permit the plaintiffs in the consolidated action to file a single amended and consolidated complaint within a reasonable time and (2) set an appropriate schedule.

**DATED**: March 31, 2023

| ISRAEL DAVID LLC | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| By: */s/ Israel David* <br> Israel David | By: */s/ Stephen A. Broome* <br> Stephen A. Broome |

| | | |
|---|---|---|
| 1 | ISRAEL DAVID LLC<br>Israel David (admitted *pro hac vice*)<br>israel.david@davidllc.com | Stephen A. Broome (CA Bar No. 314605)<br>stephenbroome@quinnemanuel.com<br>Viola Trebicka |

ISRAEL DAVID LLC
Israel David (admitted *pro hac vice*)
israel.david@davidllc.com
Hayley Elizabeth Lowe (*pro hac vice* forthcoming)
hayley.lowe@davidllc.com
Blake Hunter Yagman (admitted *pro hac vice*)
blake.yagman@davidllc.com
Madeline Sheffield (*pro hac vice* forthcoming)
Madeline.sheffield@davidllc.com
17 State Street, Suite 4010
New York, New York 10004
Telephone: (212) 739-0622
Facsimile: (212) 739-0628

ZIMMERMAN REED LLP
Jeff Westerman (CA Bar No. 94559)
Jeff.Westerman@zimmreed.com
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Telephone: 877-500-9780

*Attorneys for Plaintiffs Stephen Gerber and Eric Cohen*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph A. Pettigrew (CA Bar No. 236933)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jpettigrew@scott-scott.com

**LYNCH CARPENTER LLP**
Gary F. Lynch
Jamisen A. Etzel
Nicholas A. Colella
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412.322.9243
Facsimile: 412.231.0246

Stephen A. Broome (CA Bar No. 314605)
stephenbroome@quinnemanuel.com
Viola Trebicka
violatrebicka@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Casey J. Adams (admitted *pro hac vice*)
caseyadams@quinnemanuel.com
51 Madison Ave. 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for X Corp., successor in interest to named defendant Twitter, Inc.*

1  gary@lcllp.com
   jamisen@lcllp.com
2  nickc@lcllp.com

3  **WOOD LAW FIRM, LLC**
   E. Kirk Wood (*pro hac vice* forthcoming)
4  P. O. Box 382434
   Birmingham, AL 35238-2434
5  Telephone: (205) 908-4906
   kirk@woodlawifrmllc.com
6

7  *Attorneys for Plaintiff Casey Weitzman*

**SIGNATURE ATTESTATION**

The e-filing attorney hereby attests that concurrence in the content of the foregoing document and authorization to file the foregoing document has been obtained from the other signatory indicated by a conformed signature (/s/) within the foregoing e-filed document.

DATED: March 31, 2023                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                         By   /s/ *Stephen A. Broome*
                                              Stephen A. Broome

                                              *Attorney for X Corp., successor in interest to named defendant Twitter, Inc.*