**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (*pro hac vice admitted*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com

**LYNCH CARPENTER LLP**
Gary F. Lynch
Jamisen A. Etzel
Nicholas A. Colella
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412.322.9243
Facsimile: 412.231.0246
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

*Attorneys for Plaintiff Casey Weitzman*

**ISRAEL DAVID LLC**
Israel David (*pro hac vice admitted*)
Hayley Elizabeth Lowe (*pro hac forthcoming*)
Blake Hunter Yagman (*pro hac vice admitted*)
Madeline Sheffield (*pro hac forthcoming*)
17 State Street, Suite 4010
New York, New York 10004
Telephone: (212) 739-0622
Facsimile: (212) 739-0628
israel.david@davidllc.com
hayley.lowe@davidllc.com
blake.yagman@davidllc.com
madeline.sheffield@davidllc.com

**ZIMMERMAN REED LLP**
Jeff Westerman (CA Bar No. 94559)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Telephone: 877-500-9780
Jeff.Westerman@zimmreed.com

*Attorneys for Plaintiffs Stephen Gerber and Eric Cohen*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| STEPHEN GERBER and ERIC COHEN, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 4:23-cv-00186-KAW<br><br>**UNOPPOSED MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)**<br><br>**JUDGE:** Hon. Kandis A. Westmore<br>**DATE:** May 18, 2023<br>**TIME:** 1:30 PM PST |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on May 18th, 2023, at 1:30 PM local time, or as soon as this matter may be heard, Plaintiffs Stephen Gerber, Eric Cohen and Casey Weitzman, will, and hereby do, move this Court for an Order appointing Scott + Scott Attorneys at Law LLP and Israel David LLC as Interim Co-Lead Counsel pursuant to Federal Rule of Civil Procedure 23(g).  Plaintiffs also seek appointment of Lynch Carpenter LLP and Zimmerman Reed LLP as Plaintiffs' Steering Committee in this Action.

Plaintiffs respectfully submit that the aforementioned firms satisfy the requirements under Rule 23(g) and will fairly and adequately represent the interests of the Class.  The aforementioned firms have done significant work in investigating and developing the claims in this Action; have broad and meaningful experience in handling complex litigation of the type asserted in this Action; have knowledge of the applicable law; and possess sufficient resources to represent the class.  *See* Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).  Together, this lean, accomplished, and diverse team will devote substantial resources to this Action and will aggressively prosecute this case to a successful conclusion.

This motion is based on this Notice, the following memorandum of points and authorities in support of the motion, and the concurrently filed Joint Declaration of Joseph P. Guglielmo and Israel David.

1

## <u>TABLE OF CONTENTS</u>

2
Page(s)

3

I.      THE COURT SHOULD APPOINT INTERIM CO-LEAD CLASS COUNSEL
4       BECAUSE OF THEIR EXPERIENCE, KNOWLEDGE, AND AVAILABLE
        RESOURCES ............................................................................................................5
5
        A.      Legal Standard ..........................................................................................5
6
        B.      Proposed Interim Co-Lead Class Counsel Have the Experience, Knowledge
7               and Resources to Prosecute the Proposed Consolidated Action ..............................6

8               i. The Work Counsel Has Done In Identifying, Investigating,
                and Developing the Claims in the Action…………………………………..………6
9
                ii. Counsel's Experience In Handling Class Actions, Other Complex
10               Litigation, and the Types of Claims Asserted in the Action…..…………………...7

11              iii. Counsel's Knowledge of the Applicable Law…………………….……………19

12              iv. The Resources that Counsel Will Commit to Representing the Class…………19

13      II.     CONCLUSION……………………………………………………………………19
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                                  **TABLE OF AUTHORITIES**

3                                                                                      **Page(s)**

4

5    **CASES**

6    *Azpeitia v. Tesoro Refining & Mktg. Co. LLC, et al.*, No. 17-cv-00123-JST,
     2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, (2017)………..…..…………………..……..5
7
     *McFadden v. Microsoft Corp.*, No. C20-0640-RSM-MAT,
8    2020 WL 5642822, at *1 (W.D. Wash. Sept. 22, 2020)…………………………………5

9

10   **RULES**

11   Federal Rule of Civil Procedure 23(g)…………………………………………5, 6, 20

12   Federal Rule of Civil Procedure
     26(f)………………………………………………………………………..…..……7
13

14
     **OTHER AUTHORITIES**
15
     Manual for Complex Litigation (Fourth) § 21.1…………………………...………….....5
16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL**

3

4          Pursuant to Federal Rule of Civil Procedure 23(g), Plaintiffs Stephen Gerber and Eric Cohen

5    hereby jointly move with Plaintiff Casey Weitzman (collectively, the "Plaintiffs") to appoint interim

6    co-lead class counsel in this action.  Defendant Twitter, Inc., and its apparent successor in interest

7    X Corp., per notification from defense counsel, ("Twitter"), does not oppose this motion.

8          There are currently two cases against Twitter pending in this District arising out of an alleged

9    data breach/data security incident that first came to light in or about late 2022 or early 2023.  The

10   first-filed action, *Gerber v. Twitter, Inc.*, No. 4:23-cv-00186 ("*Gerber*") was filed on January 13,

11   2023 in this Court.  The second action, *Weitzman v. Twitter, Inc.*, No. 3:23-cv-00766 ("*Weitzman*")

12   was filed in the Superior Court of California, County of San Francisco on January 17, 2023, and

13   was removed to this Court on February 21, 2023.[1]  On March 31, 2023, Twitter and Plaintiffs jointly

14   moved to relate and consolidate the Actions, inasmuch as the Actions make substantially similar

15   factual allegations against Twitter and assert substantially similar claims.  *Gerber,* ECF No. 27.

16         By this motion, Plaintiffs hereby move for appointment of interim co-lead class counsel in

17   the proposed consolidated Action.

18                                              **INTRODUCTION**

19         Plaintiffs in the Actions have conferred among themselves and have agreed to propose an

20   interim leadership structure that would allow experienced and diverse class action counsel to

21   conduct an efficient, collaborative prosecution of the litigation.[2]  Under this structure, Scott+Scott

22   Attorneys at Law LLP and Israel David LLC would serve as Interim Co-Lead Class Counsel, and

23   Zimmerman Reed LLP and Lynch Carpenter, LLC would serve on the Plaintiffs' Steering

24   Committee.

25

26   [1]       *Gerber* and *Weitzman* are referred to each as an "Action" and together as the "Actions."

27   [2]       Plaintiffs are unaware of any other class action suits on file concerning the subject matter

28   of the Actions.

Plaintiffs respectfully submit that appointing interim co-lead class counsel for the Actions would promote judicial economy and efficiency. The law firms in the proposed leadership structure are experienced, knowledgeable, and have the resources necessary to deliver justice on behalf of the Plaintiffs and the putative Class. Collectively and individually, the proposed leadership team and their firms are committed to improving diversity in our practice and developing lawyers early in their careers to shape them into experienced practitioners and leaders of the future. With these goals in mind, the proposed leadership team includes diverse attorneys with different levels of experience and qualifications. This experienced, diverse team, under the direction of robust leadership, will ensure tasks are timely, cost-effectively and skillfully performed by lawyers and other staff with the appropriate level of experience.

## ARGUMENT

## I. THE COURT SHOULD APPOINT INTERIM CO-LEAD CLASS COUNSEL BECAUSE OF THEIR EXPERIENCE, KNOWLEDGE, AND AVAILABLE RESOURCES

### A. Legal Standard

A court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.1; *Azpeitia v. Tesoro Refining & Mktg. Co. LLC, et al.*, No. 17-cv-00123-JST, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017) (same). The Advisory Committee Notes to Rule 23 recognize "that in many cases the need to progress toward the certification determination may *require* designation of interim counsel." Fed. R. Civ. P. 23, advisory committee note to 2003 amendment (emphasis added). "The appointment of interim counsel is discretionary and is particularly suited to complex actions." *McFadden v. Microsoft Corp.*, No. C20-0640-RSM-MAT, 2020 WL 5642822, at *1 (W.D. Wash. Sept. 22, 2020) (internal citations and quotations omitted).

Fed. R. Civ. P. Rule 23(g)(1) directs the Court to appoint interim class counsel who will "fairly and adequately represent the interests of the class." Factors relevant to the appointment of counsel include: "(i) the work counsel has done in identifying or investigating potential claims in

the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).  A court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

B.     **Proposed Interim Co-Lead Class Counsel Have the Experience, Knowledge and Resources to Prosecute the Proposed Consolidated Action**

The leadership structure proposed by Plaintiffs in the Actions includes dedicated and experienced consumer class action litigators who satisfy all requirements of Rule 23(g), and will bring their combined data breach and data privacy experience, knowledge, and resources in support of the Actions.

i.     **The Work Counsel Has Done in Identifying, Investigating, and Developing Potential Claims in the Action**

Each firm diligently worked to identify, investigate, and develop the claims.  This includes: examining the relevant reporting and Twitter's initial response to the data breach; researching and monitoring Twitter's on-going responses and communications regarding the data breach; researching data security issues at Twitter; researching the technical specifications of the breach; holding preliminary discussions with a potential expert witness; conducting factual research regarding previous domestic and international regulatory actions involving Twitter data privacy issues; reviewing Twitter whistleblower reports regarding data privacy, including, and among others, the Senate Judiciary Committee testimony of Mr. Peiter Zatko; investigating and analyzing similar data breaches and the responses of those defendants thereto; conducting legal research and analysis to identify, evaluate and develop potential claims; and, ultimately developing, drafting and filing the only two complaints asserting claims against Twitter based on the alleged data breach at issue in the Actions.

Additionally, since filing, the proposed leadership team has diligently pursued this case. Defendant Twitter has been served in both actions.  The proposed leadership team has worked with Defendant's counsel to (i) coordinate a mutually agreeable briefing schedule for Defendant's

contemplated motion to dismiss; (ii) discuss and draft the joint motion to relate and consolidate *Gerber* and *Weitzman*; and (iii) discuss the timing of a meet and confer conference pursuant to Federal Rule of Civil Procedure 26(f).   The proposed leadership team has also spoken with Defendant's counsel at length regarding this motion.

ii.      **Counsel's Experience in Handling Class Actions, Other Complex Litigation, and the Types of Claims Asserted in the Action**

Each of the firms has broad experience litigating complex consumer class action cases.

**Scott + Scott Attorneys At Law LLP.**  Scott+Scott is a nationally recognized class action law firm headquartered in Connecticut with offices in New York, Arizona, California, Ohio, Virginia, Amsterdam, Berlin, and London.  The firm was founded in 1975 and now has over one hundred attorneys dedicated to complex and class action litigation, representing individuals, businesses, and public and private pension funds that have suffered from corporate fraud and wrongdoing.

Scott+Scott, which was ranked by U.S. News & World Report for 2021 as a "Best Law Firm," was recently recognized by Law360 as a Ceiling Smasher for their representation of women in their equity partnership.  The firm has a proven record of successfully handling complex consumer, antitrust, securities, ERISA, and civil rights litigation in both federal and state courts.

Scott+Scott's Consumer Practice Group consists of some of the premier advocates in the area of consumer protection.  Scott+Scott's Consumer Practice Group has been at the forefront in litigating and securing some of the most significant consumer protection settlements on behalf of its clients, resulting in hundreds of millions of dollars to class members.  Joseph P. Guglielmo is the Chair of the Consumer Practice Group.  Over the past 25 years, Mr. Guglielmo has served in numerous leadership positions in complex consumer class actions, including multiple data breach class actions, throughout the United States and achieved significant recoveries for his clients, including:

- ***In re Equifax, Inc. Customer Data Security Breach Litig.***, No. 1:17-md-02800 (N.D. Ga.) (co-lead counsel on behalf of class of financial institutions, settlement in excess of $32.5 million);

- ***In re The Home Depot, Inc., Customer Data Security Breach Litig.***, No. 1:14-md-02583 (N.D. Ga.) (co-lead counsel on behalf of financial institutions, $27.25 million settlement on behalf of financial institutions nationwide where Mr. Guglielmo was co-lead counsel);

- ***First Choice Federal Credit Union v. The Wendy's Co.***, No. 2:16-cv-00506 (W.D. Pa.) ($50 million settlement on behalf of financial institutions involving the breach of personal and financial information of millions of credit and debit cards);

- ***In re Target Corp. Customer Data Security Breach Litig.***, No. 0:14-md-02522 (D. Minn.) ($59 million settlement);

- *In re **Pre-Filled Propane Tank Mktg. & Sales Pracs. Litig.***, MDL No. 2086 (W.D. Mo.) ($37 million settlement);

- ***Winsouth Credit Union v. Mapco Express Inc.***, No. 3:14-cv-01573 (M.D. Tenn.) (largest dollar-per-payment-card recovery in a data breach action brought on behalf of a class of financial institutions);

- ***Veridian Credit Union v. Eddie Bauer LLC***, No. 2:17-cv-00356 (W.D. Wash.) (co-lead counsel, $9.8 million settlement);

- ***Arkansas Federal Credit Union v. Hudson's Bay Co.***, No. 1:19-cv-4492 (S.D.N.Y.) (co-lead counsel, $5.1 settlement);

- ***In re: Sonic Corp. Customer Data Breach Litig.***, No. 1:17-md-02807-JSG (N.D. Ohio) (plaintiffs' steering committee, $5.73 million settlement reached on behalf of class of financial institutions arising out of a data breach);

- ***McPherson v. Am. Bank Sys., Inc.***, No. 20 Civ. 01307 (W.D. Okla.) (co-lead counsel, $1.7 million settlement on behalf of class of consumers arising out of data breach);

- ***Clarke et al. v. Lemonade, Inc.***, No. 2022LA000308 (Ill. Cir. Ct. DuPage Cnty.) (co-lead counsel, settlement of $6.5 million in cash and injunctive relief arising out of collection of biometric information); and

- ***Aquilina v. Certain Underwriters, et al.***, No. 1:18-cv-00496 (D. Haw.) (lead

counsel, settlement resulting in excess of 100% of single damages to class members).

Mr. Guglielmo, along with other attorneys at Scott+Scott, was recognized for his efforts representing New York University in obtaining a monumental temporary restraining order of over $200 million from a Bernard Madoff feeder fund. Specifically, New York State Supreme Court Justice Richard B. Lowe III stated, "Scott+Scott has demonstrated a remarkable grasp and handling of the extraordinarily complex matters in this case. The extremely professional and thorough means by which NYU's counsel has litigated this matter has not been overlooked by this Court." *N.Y. Univ. v. Ariel Fund Ltd.*, No. 603803/2008, Order at 9-10 (N.Y. Sup. Ct. Feb. 22, 2010) (Dkt No. 139).

Additional cases where Mr. Guglielmo played a leading role and achieved significant recoveries for his clients and the classes he represented include: *In re Managed Care Litig.*, MDL No. 1334 (S.D. Fla.), which included settlements with Aetna, CIGNA, Prudential, Health Net, Humana, and WellPoint, providing monetary and injunctive benefits exceeding $1 billion; *Love v. Blue Cross and Blue Shield Ass'n*, No. 1:03-cv-21296 (S.D. Fla.), with settlements of approximately $130 million and injunctive benefits valued in excess of $2 billion; and *In re Ins. Brokerage Antitrust Litig.*, MDL No. 1663 (D.N.J.), with settlements in excess of $300 million.

Mr. Guglielmo lectures on electronic discovery. Since 2003, Mr. Guglielmo has been a Member of the Sedona Conference®, an organization devoted to providing guidance and information concerning discovery and production issues, as well as antitrust law, complex litigation, and intellectual property. From 2014-2018, he served as a member of the Steering Committee of Working Group 1 of the Sedona Conference. Additionally, Mr. Guglielmo was a member of the editorial team for *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1 (2018). Mr. Guglielmo is currently a Board Member for the Advanced eDiscovery Institute at Georgetown University Law Center.

Mr. Guglielmo was also recognized for his achievements in litigation by his selection to The National Law Journal's "Plaintiffs' Hot List." Mr. Guglielmo was recognized again recently by Super Lawyers as a top Antitrust lawyer in the New York metro area, was named a Leading

Practitioner in E-Discovery (2022) by Who's Who Legal Litigation and was named one of the 500 Leading Plaintiff Financial Lawyers by Lawdragon. Mr. Joseph A. Pettigrew has over fifteen years of experience in complex civil litigation at Scott+Scott, focusing on shareholder derivative, securities, consumer, and antitrust matters. Mr. Pettigrew has worked on several notable data breach and privacy class action suits in recent years, including *In re TikTok, Inc. Consumer Privacy Litig.*, 20-cv-04699 (N.D. Ill.), MDL No. 2948; *McPherson v. Am. Bank Sys., Inc.*, No. 20 Civ. 01307 (W.D. Okla.); and *Clarke et al. v. Lemonade, Inc.*, No. 2022LA000308 (Ill. Cir. Ct. DuPage Cnty.). Mr. Pettigrew earned his J.D. from the University of San Diego School of Law in 2004, and graduated *cum laude* with a Bachelor of Arts degree from Carleton College in 1998. Mr. Pettigrew has served on the boards of several nonprofit arts organizations.

**Israel David LLC**. Israel David LLC is a diverse and growing litigation boutique formed in October 2022 and led by Israel David. Israel David LLC focuses exclusively on the prosecution and defense of class action and commercial litigation matters in federal and state courts throughout the United States. Israel David LLC is comprised of seasoned litigators with extensive experience in commercial and business litigation, securities litigation, antitrust litigation, data privacy class actions, and shareholder litigation.

Most recently, in January 2023, the Honorable Judge Ann M. Donnelly of the United States District Court for the Eastern District of New York appointed Israel David LLC as Interim Co-Lead Class Counsel in *In re American Airlines/JetBlue Antitrust Litigation* (22-cv-07374-AMD-TAM).

Immediately prior to forming the firm, Mr. Israel David spent 26 years in the Litigation Department of the elite international law firm Fried, Frank, Harris, Shriver & Jacobson LLP, including the last 17 years as a prominent partner at that firm. Mr. David has earned a national reputation for successfully leading and co-leading the representation of prominent defendants in some of the largest and most high-profile complex class action lawsuits nationwide in the last quarter-century. Among numerous other class action lawsuits, these include:

- Leading the representation of the President of Lehman Brothers in numerous lawsuits nationwide – including the consolidated class action securities litigation in the Southern

District of New York – arising out of the collapse of Lehman Brothers, likely the largest corporate financial collapse in U.S. history.

- Leading the representation of two members of the Board of Directors of The Weinstein Company in the high-profile sexual-assault class action lawsuit in the Southern District of New York, arising out of the well-publicized claims of sexual assault allegedly committed by that company's Chief Executive Officer.

- Co-leading the representation of Wells Fargo & Company, its predecessor Wachovia Corporation, and Wachovia's senior-most officers and directors in the consolidated class action securities litigation in the Southern District of New York arising out of the financial collapse of Wachovia. The lawsuit (with alleged losses of approximately $109 billion) is considered to be one of the largest class action securities fraud lawsuits in U.S. history to have obtained a complete dismissal.

- Co-leading the representation of all the underwriters of the General Motors Company 2010 IPO – the then-largest IPO in U.S. history – in a class action securities litigation in the Southern District of New York.

As detailed in its firm résumé (attached to the accompanying Joint Declaration of Joseph P. Guglielmo and Israel David), other Israel David LLC attorneys working on this matter add a wealth of experience and diversity to the team.

Ms. Hayley Lowe is an accomplished litigator with nearly a decade of experience litigating high-stakes complex business disputes in federal and state courts and arbitral forums nationwide. Ms. Lowe previously practiced as a senior associate at the elite Texas litigation boutique, Loewinsohn Flegle Deary Simon LLP (now known as Deary Ray LLP) – which was named by the National Law Journal as the best U.S. law firm for business torts during her tenure there. Ms. Lowe also previously practiced at a prominent New York litigation boutique and served as Principal Court Attorney to the Honorable Marcy S. Friedman (Ret.) of the New York State Supreme Court – New York County, Commercial Division. Ms. Lowe received her Juris Doctor degree from Fordham University School of Law in 2013. While in law school, Ms. Lowe served

as a judicial intern to the Honorable Andrea Masley of the New York State Supreme Court – New York County, Commercial Division.

Mr. Blake Hunter Yagman has extensive data privacy and data breach litigation experience. Some of Mr. Yagman's prior high profile data privacy cases include representing Illinois residents in biometric collection litigation against a major social media company (*Boone, et al. v Snap Inc*) and against a software company that collected biometric information from students using an exam proctoring system (*Veiga, et al. v. Respondus, Inc.*). Mr. Yagman also has significant data breach litigation experience, having worked on dozens of high-profile data breach cases. Mr. Yagman's experience in data privacy lawsuits includes cases with unique factual circumstances, including a data breach of a third-party that resulted in the theft of a significant amount of cryptocurrency from digital wallets (*Levinson v. Intuit, Inc., et al.*), a data breach that resulted in the shutdown of the largest gasoline pipeline on the east coast of the United States (*Dickerson v. CDPQ Colonial Partners, L.P., et al.*), and an on-going data privacy case against a pharmaceutical discounting website which allegedly sold consumer information to social media and advertising companies (*E.C. v. GoodRx Holdings, Inc., et al.*).

Mr. Yagman received his Juris Doctor degree from the Benjamin N. Cardozo School of Law in 2017, where he was named an Intellectual Property and Data Law Fellow. He earned his Bachelor of Arts degree from the University of Miami in 2014. Mr. Yagman is an active member of New York City's oldest LGBTQ bar association.

Ms. Madeline Sheffield is an accomplished trial lawyer who has successfully led and first-chaired jury trials to verdict. Prior to joining Israel David LLC, Ms. Sheffield served with distinction as an Assistant District Attorney in the Manhattan District Attorney's Office from October 2020 to November 2022. Ms. Sheffield concentrates her practice on representing plaintiffs and defendants in high-stakes business disputes and class action lawsuits in federal and state courts nationwide. Ms. Sheffield received her Juris Doctor degree cum laude from Syracuse University College of Law in 2020, where she served as Executive Editor of the Syracuse Law Review. Ms. Sheffield earned her Bachelor of Arts degree cum laude from the University of Buffalo in 2017.

**Zimmerman Reed LLP.** Zimmerman Reed has a strong nationwide presence and is known for its experienced, deliberate, and highly skilled legal work.  The firm is nationally recognized in complex litigation, having been appointed lead roles in some of the largest and most complex cases in federal and state courts across the country.  The firm's leadership roles span decades and across numerous multi-district litigations involving data and privacy breaches, consumer fraud, employment practices and medical device and pharmaceutical litigation.  The firm was at the forefront of efforts to hold the National Football League accountable for retired players' concussion-related injuries.  Zimmerman Reed played a critical role in the tobacco litigation, which resulted in a $365.5 billion payout to forty-six states as well as prospective marketing restrictions.

The firm also has vast experience in all facets of public civil law enforcement and has represented various public entities in Minnesota and around the country, including the States of Indiana, Mississippi, New Mexico, Indiana and the State of Vermont. It currently represents the State of Minnesota in a trial that is in progress against JUUL related to electronic nicotine delivery systems.  A case for the State of Mississippi asserting antitrust and consumer protection violations by manufacturers of liquid crystal displays was dubbed "*the* State AG case of the year" — and culminated in a **9-0 victory before the U.S. Supreme Court.**

In addition to the experience and financial resources necessary to litigate this case, as a matter of firm culture, Zimmerman Reed attorneys work collegially and respectfully with other counsel and the court.

The primary attorney on this case for Zimmerman Reed will be Jeff Westerman in the firm's California office. Additional attorneys will be added as the needs of the case come into focus. Details of the firm's practice and diverse personnel are in the firm's resume attached to the accompanying Joint Declaration of Joseph P. Guglielmo and Israel David.

Mr. Westerman joined Zimmerman Reed in February 2023.  Mr. Westerman has been in practice 42 years, the last 31 of which have been in the complex case/ class action practice.  Mr. Westerman served in numerous court-appointed leadership roles, often appointed as either lead or co-lead counsel, as a member of a leadership executive committee, or as liaison counsel.  In addition

to the biographical information on the firm web site, a one-page summary of his experience is attached to the Joint Declaration of Joseph P. Guglielmo and Israel David

The following are some case resolutions where Mr. Westerman served in a leadership position due to his ability to collaborate with others:

- *In UCLA Medical Data Breach*, Case No. BC589243 Los Angeles Superior Court.  He was stipulated by over 30 lawyers to be sole lead counsel, with an Executive Committee.  The case settled with over $1 billion in retail value identity protection insurance and services available to 4.5 million class members, where, at the final approval hearing on June 18, 2019, the Hon Daniel Buckley (former Presiding Judge of the entire Los Angeles Superior Court), addressing Mr. Westerman stated: "… You've outlined an approach that bluntly is consistent with your professionalism and your integrity…."

- *In re Korean Air Lines Co., Ltd. Antitrust Litigation*, MDL No. 1891, Master File No. CV 07 05107 SJO (AGRx). Mr. Westerman was one of three appointed Co-Lead Counsel without opposition from approximately 80 plaintiffs' firms total.  The case resulted in settlements with defendants, Asiana Air Lines and Korean Air Lines totaling $89 million.

- *In re Medical Capital Securities Litigation*, No. 10-ml-02145 DOC (RNB) (C.D. Cal.), Mr. Westerman served as Co-Lead Counsel with Cotchett, Pitre & McCarthy, LLP, achieving a total settlement of $219 million against Wells Fargo and Bank of NY Mellon for investors in a Ponzi scheme.  This case was recognized by Institutional Shareholder Services as a top 10 investor cash recovery the year it settled.

- *In Re Chase Bank USA, N.A. "Check Loan" Contract Litigation*, MDL No. 2032; No. 3:09-md-02032 MMC (JL) (N.D. Cal.), settled for $100 million. Chase was alleged to have acted in bad faith in changing the payment terms of class members.  Mr. Westerman was a member of the six firm Executive Committee, appointed by Judge Chesney.

Mr. Westerman has also contributed to the U.S. Central District of California, serving a long tenure on the Central District's court-appointed Attorney Discipline Committee, including three years as Vice Chair and three years as the Chair; and he served almost 11 years by Court appointment on the U.S. Magistrate Merit Selection Panel, among other activities to assist the Court.  Mr.

Westerman was recently President of the Federal Bar Association - Los Angeles Chapter, he was the first plaintiff lawyer to become President in the 30 (now 40+) year history of the Association of Business Trial Lawyers (ABTL) - Los Angeles Chapter; and he was a Trustee and currently serves on the Executive Committee of the Los Angeles County Bar Association.

**Lynch Carpenter LLP.**  Lynch Carpenter is a 20-lawyer plaintiff-side class action firm with offices in California, Pennsylvania, and Illinois.  Lynch Carpenter has been at the forefront in data breach and privacy litigation, obtaining leadership appointments in many of the largest and most well-known cases, generating seminal legal authority in both trial and appellate courts.  For example, Lynch Carpenter (then known as Carlson Lynch) forged the development of Pennsylvania's data breach law with the seminal Supreme Court of Pennsylvania decision in *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018).  The court issued a landmark opinion — reversing the two lower courts — acknowledging that general principles of negligence support holding those who collect and store personally identifying information to a common law duty to reasonably safeguard such information from cyber-attack.  *See Dittman*, 196 A.3d at 1047.  The court also clarified that Pennsylvania's economic loss doctrine does not apply where a tort duty exists independent of any contract.

Lynch Carpenter also pioneered the applicability of Pennsylvania's Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 Pa. Cons. Stat. 5702 *et seq.* to the interception of website communications in *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121 (3d Cir. 2022) (*en banc*).  The Third Circuit reached a well-reasoned and unanimous decision — reversing the district court's grant of summary judgment in favor of the defendants — acknowledging that a website owner and a data collection company could not avoid lability under WESCA for intercepting an online shopper's data. *Id.* at 129.  Instead of merely showing that the shopper communicated with the data collection's servers when she used the website to shop, the companies had to demonstrate that the shopper gave prior consent to the interception. *Id.*

Lynch Carpenter's willingness to go the distance for its clients also enables the firm to negotiate from a position of strength and obtain favorable settlements for victims of privacy invasions.  For example, Lynch Carpenter attorneys have served as co-lead counsel or in other

leadership positions in: *In re TikTok, Inc., Consumer Privacy Litig.*, MDL 2948 (N.D. Ill.) (Lynch Carpenter serves as co-lead counsel; the district court recently granted final approval to a class settlement providing $92 million in monetary relief for the class); *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL 2522 (D. Minn.) (Lynch Carpenter was appointed to the Executive Committee managing the litigation on behalf of all plaintiffs (consumers, financial institution, and shareholders). The case was ultimately settled for $10 million (for consumers) and $39 million (for financial institutions)); *Dittman v. UPMC* (multimillion dollar settlement reached and approved after remand from the Pennsylvania Supreme Court); *In re Vizio, Inc. Consumer Privacy Litig.*, MDL 2693 (C.D. Cal.) (consumer privacy breach, steering committee; $17 million settlement); and *In re: Ashley Madison Customer Data Sec. Breach Litig.*, 4:15-md-02669 (E.D. Mo.) (consumer data breach, executive committee; $11.2 million settlement).

Further, as of March 2022, Lynch Carpenter attorneys are currently involved in leadership positions in some of the largest active data breach and privacy MDLs and consolidated cases across the country, including: *In Re: Zillow Group, Inc. Session Replay Software Litigation*, 2:22-cv-01282 (W.D. Wash.) (representing consumers as interim co-lead counsel); *In re Wawa, Inc. Data Security Litig.*, 2:19-cv-6019 (E.D. Pa.) (representing payment card issuers as co-lead counsel); *In re: Marriott International, Inc.*, 8:19-md-2879-PWG (D. Md.) (consumer data breach, steering committee); and *In re Blackbaud, Inc. Customer Data Breach Litig.*, MDL 2972 (D.S.C.) (consumer data breach, steering committee).

Ms. Pollock-Avery joined Lynch Carpenter in 2017, and quickly made herself integral to the firm's success. Her passion for the firm's work was readily apparent, and within one month of working with the firm, she earned an important role in *In Re: Blue Cross Blue Shield Antitrust Litigation*, assisting lead counsel in preparing for crucial depositions and oral argument on the appropriate standard of review, as well as conducting depositions and leading a document review team prior to the parties reaching a $2.67 billion settlement, which received final approval on August 9, 2022.

In addition to her early work at the firm on the Blue Cross Blue Shield litigation, Ms. Pollock-Avery became heavily involved in the firm's ADA litigation group, fighting to protect the

rights of millions of Americans to free and equal access and exercise of the rights and privileges guaranteed to them under law.  In 2018, Lynch Carpenter (under a previous name) won the Achieva Award for Excellence in Legal Services.

Ms. Pollock-Avery is co-lead counsel in *Biscan v. Shields Health Care Group, Inc.,* a data breach involving PII and PHI of more than two million patients from over 50 locations throughout New England.  Ms. Pollock-Avery became involved in the firm's data breach practice in late 2017, assisting in the Equifax data breach litigation.  Ms. Pollock-Avery has also spent significant time working on *In re Marriott Data Breach Litigation*, as well as the *In re Solara Medical Supplies Litigation*, in which Ms. Pollock-Avery honed her skills in negotiating the scope of discovery requests, both with opposing counsel and with clients.  Recently, Ms. Pollock-Avery has been providing substantial support to lead counsel in the *In re: Wawa Data Breach* litigation, representing financial institutions for their claims against the nearly thousand-location strong convenience store chain, including working with experts to resolve questions regarding liability and negotiating discovery requests.

Elizabeth's privacy experience also includes leading discovery and briefing, and first-chairing two class certification hearings in *Hanlon v. Burpee*, which recently was granted class certification.  She contributed to discovery and the district court and appellate briefing in *Popa v. Harriet Carter Gifts*.  Those two cases stem from an undisclosed third party's data collection from merchant websites, and they involve novel and complex issues under Pennsylvania's two-party-consent wiretapping statute.

Ms. Pollock-Avery also has been integral to Lynch Carpenter's wage and hour practice.  In the past year and a half, the firm has achieved conditional and/or collective certification in a number of cases, in which Ms. Pollock-Avery played a significant role, including *Williams et al. v. Bob Evans Restaurants, LLC et al.*, 2:18-cv-01353 (W.D. Pa. Apr . 14, 2022); *Copley v. Evolution Well v. Evolution Well Services, LLC*, 2:20-cv-01442 (W.D. Pa. Jan. 31, 2022); *Wintjen v. Denny's, Inc. et al.*, 2:19-cv-00069 (W.D. Pa. Nov. 18, 2021); *Tompkins v. Ferny Properties, LLC*, 3:18-cv-00190 (D.N.D. Apr. 5, 2021); *Sudano v. Texas Roadhouse Investments of Beaver PA LLC et al.*, 2:19-cv-00064 (W.D. Pa. Apr. 26, 2021).

Ms. Pollock-Avery is a partner in Lynch Carpenter's Pittsburgh office. Admitted to practice in Pennsylvania and several federal courts across the country, she is a dedicated plaintiffs' attorney, and has the experience and requisite skill necessary to lead this litigation.  Nicholas A. Colella of Lynch Carpenter is a sixth-year associate, with his practice concentrated on representing consumers and institutions in data breach and privacy litigation, business litigation, and civil rights litigation. He has hands-on experience working on class action and multidistrict data breach litigation, including most recently being appointed as Interim Co-Lead Counsel in *Jackson, et al., v. Suffolk University*, No. 1:23-cv-10019 (D. Mass.) (consumer data breach impacting approximately 60,000 students); appointed Class Counsel in *Lewandowski v. Family Dollar Stores, Inc.*, No. 2:19-cv-858 (W.D. Pa.) (disability discrimination resulting in a successful nationwide settlement); assigned to the Interim Plaintiff's Steering Committee in *Baker v. ParkMobile*, Case No. 1:21-cv-2182 (N.D. Ga.) (consumer data breach impacting 21 million individuals nationwide); and  assigned to the Plaintiff Vetting Committee in *In Re: Erie COVID-19 Business Interruption Protection Insurance Litigation*, MDL-No.-2969.  Mr. Colella's privacy experience also includes contributing to, and leading, discovery and briefing in a group of novel and complex cases arising under Pennsylvania's two-party-consent wiretapping statute and involving the data collection and privacy practices of numerous major corporations.  Mr. Colella earned his J.D. in 2017 from the University of Florida Levin College of Law, and his B.S. from Pennsylvania State University in 2012.

**Wood Law Firm, LLC.**  E. Kirk Wood has experience in the leadership and management of mass torts and complex litigation matters.  Mr. Wood has been practicing law for over 35 years throughout the country and is admitted in Alabama, Florida and the District of Columbia.  Mr. Wood is the founding and managing member of Wood Law Firm, LLC.  The firm has been active and focused exclusively on mass torts and complex litigation matters since 2002.

Mr. Wood has served as co-lead counsel and a member of the executive committees and plaintiff steering committees in prior multi-district matters to include security breach matters.  Mr. Wood and his firm has the experience, expertise and leadership skills to assist in the prosecution of multi-district matters with a roster of diverse and energetic attorneys to aid the Court in effectively litigating this security breach matter.  A more detailed outline of the Firm's background, experience

and accomplishments is provided as an exhibit to the accompanying Joint Declaration of Joseph P. Guglielmo and Israel David

### iii. Counsel's Knowledge of the Applicable Law

Each firm has a deep reservoir of knowledge of the applicable law – here, the law applicable to data breaches and data privacy both nationally and in California.  This knowledge stems from extensive collective experience litigating data breach and data privacy class actions in both state and federal court.  The specific experience of the respective Plaintiffs' Firms and primary attorneys working on this matter are discussed above and further detailed in the firm resumes attached to the accompanying Joint Declaration of Joseph Guglielmo and Israel David.

### iv. The Resources that Counsel Will Commit to Representing the Class

Each firm has also committed the resources needed to pursue the Actions on behalf of the putative class.  The firms possess and will commit to dedicating the time, resources, finances, and personnel necessary to litigate this case to a successful conclusion.  Their collaboration provides support staff, document-review attorneys, and in-house e-discovery, trial-tech professionals to support them in litigating this matter efficiently and effectively.

Notably, the firms collectively possess the ability to finance this litigation through trial independently.  None of the Firms rely on third-party litigation funding, nor will they rely on third-party funders with respect to prosecution of the Actions.

Counsel have already committed substantial human and financial resources toward the prosecution of this case.  Counsel are adept at managing resources in major class action litigations.

### CONCLUSION

Plaintiffs respectfully move the Court for an order pursuant to Federal Rule of Civil Procedure 23(g) approving Plaintiffs' proposed interim co-lead class counsel and plaintiffs' steering committee structure.  Defendant Twitter does not oppose this motion.

**DATED**: April 4, 2023

| | |
|---|---|
| **ISRAEL DAVID LLC** | **SCOTT + SCOTT ATTORNEYS AT LAW LLP** |
| By: /s/ *Israel David.*<br>     Israel David | By: /s/ Joseph P. Guglielmo<br>     Joseph P. Guglielmo |

1

2

**ISRAEL DAVID LLC**

3    Israel David (admitted *pro hac vice*)
     Hayley Elizabeth Lowe (*pro hac vice*
4    forthcoming)
     Blake Hunter Yagman (admitted *pro hac vice*)
5    Madeline Sheffield (*pro hac vice* forthcoming)
     17 State Street, Suite 4010
6    New York, New York 10004
     Telephone: (212) 739-0622
7    israel.david@davidllc.com
     hayley.lowe@davidllc.com
8    blake.yagman@davidllc.com
     madeline.sheffield@davidllc.com
9

10

**ZIMMERMAN REED LLP**

11   Jeff Westerman (CA Bar No. 94559)
     6420 Wilshire Blvd., Suite 1080
12   Los Angeles, CA 90048
     Telephone: 877-500-9780
13   Jeff.Westerman@zimmreed.com

14

*Attorneys for Plaintiffs Stephen Gerber and*
15   *Eric Cohen*

16

17

18

19

20

21

22

23

24

25

26

27

28

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

Joseph P. Guglielmo (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

Joseph A. Pettigrew (CA Bar No. 236933)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
jpettigrew@scott-scott.com

**LYNCH CARPENTER LLP**

Gary F. Lynch
Jamisen A. Etzel
Nicholas A. Colella
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412.322.9243
Facsimile: 412.231.0246
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

**WOOD LAW FIRM, LLC**

E. Kirk Wood (*pro hac vice* forthcoming)
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone: (205) 908-4906
kirk@woodlawifrmllc.com

*Attorneys for Plaintiff Casey Weitzman*

**SIGNATURE ATTESTATION**

The e-filing attorney hereby attests that concurrence in the content of the foregoing document and authorization to file the foregoing document has been obtained from the other signatory indicated by a conformed signature (/s/) within the foregoing e-filed document.

**DATED**: April 4, 2023                    **ISRAEL DAVID LLC**


By    /s/ *Israel David*
Israel David

*Attorney for Plaintiffs Gerber and Cohen*