UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GERBER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TWITTER, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-00186-KAW<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING; CONTINUING HEARING**<br><br>Re: Dkt. No. 28 |

On April 4, 2023, Plaintiffs filed an unopposed motion to appoint interim co-lead class counsel. (Pls.' Mot. to Appoint Counsel, Dkt. No. 28.) Under the proposed leadership structure, Scott+Scott Attorneys at Law LLP and Israel David LLC would serve as interim co-lead class counsel, while Zimmerman Reed LLP and Lynch Carpenter, LLC would serve on Plaintiffs' Steering Committee.[1] (*Id.* at 4.)

Having reviewed Plaintiffs' motion, the Court requires supplemental briefing as to why a steering committee is required. In general, "[c]ommittees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." *Aberin v. Am. Honda Motor Co.*, No. 16-cv-04384-JST, 2017 U.S. Dist. LEXIS 136378, at *7 (N.D. Cal. Aug. 24, 2017) (internal quotation omitted). Otherwise, "[c]ommittees of counsel can sometimes lead to substantially increased costs, and they should try to avoid unnecessary duplication of efforts and control fees and expenses." *Id.* (internal quotation omitted). Thus, "[c]ourts within this circuit routinely deny requests for appointment of executive committees where a plaintiff fails to demonstrate that such an appointment is necessary." *Id.*

In *Aberin*, the district court declined to appoint an executive committee where the plaintiffs

---

[1] The motion also discusses Wood Law Firm, LLC, but does not appear to explain what proposed role Wood Law Firm, LLC would serve.

"neither addressed nor demonstrated that the interests of the class diverge or are dissimilar." 2017 U.S. Dist. LEXIS 136378, at *8.  Further, the plaintiffs "failed to demonstrate that the interests of efficiency and economy are best served by appointing" the committee.  *Id.*  Similarly, in *Rubenstein v. Scripps Health*, the district court found a steering committee was not necessary where the plaintiffs failed to explain how the interests diverged or why the steering committee was necessary to protect their interests.  No. 21cv1135-GPC(MSB), 2021 U.S. Dist. LEXIS 192182, at *10 (S.D. Cal. Oct. 5, 2021).  Instead, the district court observed that "the purpose of selecting a lead counsel is to limit the number of law firms for economy and efficiency," and that lead counsel was ultimately responsible for consulting and coordinating with other counsel with respect to the prosecution of the action.  *Id.* at *11.

Here, as in *Aberin* and *Rubenstein*, Plaintiffs fail to explain how the class members' interests and positions diverse or are dissimilar, such that a steering committee is necessary.  Indeed, in requesting that the cases be consolidated in this action, the parties emphasized that the cases presented substantially similar factual allegations and brought substantially similar claims, and that the classes substantially overlapped.  (Dkt. No. 27 at 3-4.)  Plaintiffs also fail to explain why a steering committee would be in the best interests of efficiency and economy, particularly when lead counsel is presumably responsible for coordinating with other counsel.

Accordingly, the Court ORDERS Plaintiffs to file a supplemental brief, which shall be no more than **ten pages**, addressing these issues.  Plaintiffs shall also explain what proposed role Wood Law Firm, LLC would serve.  Plaintiffs shall file their supplemental brief within **fourteen days** of the date of this order.

The Court CONTINUES the hearing on Plaintiffs' motion to appoint counsel to **June 29, 2023** at **1:30 p.m.**  The Court CONTINUES the May 23, 2023 case management conference to **August 8, 2023** at **1:30 p.m.**

IT IS SO ORDERED.

Dated: May 5, 2023

KANDIS A. WESTMORE
United States Magistrate Judge