1  STEPHEN A. BROOME (Bar No. 314605)
       stephenbroome@quinnemanuel.com
2  VIOLA TREBICKA (Bar No. 269526)
       violatrebicka@quinnemanuel.com
3  NICOLAS MOLINA JR. (Bar No. 339383)
       nicolasmolina@quinnemanuel.com
4  865 South Figueroa Street, 10th Floor
5  Los Angeles, CA 90017
   Telephone: (213) 443 3000
6  Facsimile: (213) 443 3100

7

8  CASEY ADAMS (admitted *pro hac vice*)
       caseyadams@quinnemanuel.com
9  51 Madison Avenue, 22nd Floor
   New York, NY 10010
10 Telephone: (212) 849-7000
   Facsimile: (212) 849-7100
11

12 *Attorneys for Defendant X Corp.,*
   *successor in interest to Twitter, Inc.*
13

14                 UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16                        OAKLAND DIVISION

17 STEPHEN GERBER, ERIC COHEN, and          Case No. 4:23-cv-00186-KAW
18 CASEY WEITZMAN, Individually and on
   behalf of themselves and all others similarly   **DEFENDANT'S REQUEST FOR**
19 situated,                                  **JUDICIAL NOTICE AND**
                                             **INCORPORATION BY REFERENCE IN**
20                                           **SUPPORT OF ITS MOTION TO DISMISS**
21                 Plaintiff,
                                             [*Filed concurrently with Defendant's Motion*
22          vs.                              *to Dismiss Plaintiffs' Consolidated Amended*
                                             *Complaint and Declaration of Stephen A.*
23                                           *Broome*]
24 TWITTER, INC. and X CORP., as Successor
   in Interest to Twitter, Inc.,             Judge:    Hon. Kandis A. Westmore
25
                   Defendants.
26

27

28

## DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant X Corp., successor in interest to Twitter, Inc. ("Twitter") requests that this Court, in ruling on Twitter's motion to dismiss Plaintiffs' consolidated amended class action complaint ("Complaint"), take judicial notice of the following documents attached to the declaration of Stephen A. Broome ("Broome Declaration"), which are incorporated by reference in the Complaint or otherwise subject to judicial notice under Federal Rule of Evidence 201:

1. Twitter's Privacy Policy effective June 18, 2020, available at https://twitter.com/en/privacy/previous/version_16, which is incorporated by reference in ¶¶ 33-38 of the Complaint, and is attached to the Broome Declaration as **Exhibit 1**.

2. Twitter's Privacy Policy effective August 19, 2021, available at https://twitter.com/en/privacy/previous/version_17, which is incorporated by reference in ¶¶ 33-38 of the Complaint, and is attached to the Broome Declaration as **Exhibit 2**.

3. Twitter's Privacy Policy effective June 10, 2022, available at https://twitter.com/en/privacy/previous/version-18, which is incorporated by reference in ¶¶ 33-38 of the Complaint, and is attached to the Broome Declaration as **Exhibit 3**.

4. Twitter's Terms of Service effective June 18, 2020, available at https://twitter.com/en/tos/previous/version_15, which is incorporated by reference in ¶¶ 33-35 and 119-121 of the Complaint, and is attached to the Broome Declaration as **Exhibit 4**.

5. Twitter's Terms of Service effective as of August 19, 2021, available at https://twitter.com/en/tos/previous/version_16, which is incorporated by reference in ¶¶ 33-35 and 119-121 of the Complaint, and is attached to the Broome Declaration as **Exhibit 5**.

6. Twitter's Terms of Service effective June 10, 2022, available at https://twitter.com/en/tos/previous/version-17, which is incorporated by reference in ¶¶ 33-35 and 119-121 of the Complaint, and is attached to the Broome Declaration as **Exhibit 6**.

7. A blog post published on the Twitter Privacy Center on August 5, 2022, titled "An incident impacting some accounts and private information on Twitter," available at

1  https://privacy.twitter.com/en/blog/2022/an-issue-affecting-some-anonymous-accounts, which is

2  incorporated by reference in ¶¶ 62-65 of the Complaint, and is attached to the Broome Declaration

3  as **Exhibit 7**.

4         8.      A blog post published on the Twitter Privacy Center on January 11, 2023, titled

5  "Update about an alleged incident regarding Twitter user data being sold online," available at

6  https://privacy.twitter.com/en/blog/2023/update-about-an-alleged-incident-regarding-twitter-user-

7  data-being-sold-online, which is incorporated by reference in ¶¶ 66–68 of the Complaint, and is

8  attached to the Broome Declaration as **Exhibit 8**.

9         9.      An article published on the Bleeping Computer website on January 4, 2023, titled

10  "200 million Twitter users' email addresses allegedly leaked online," available at

11  https://www.bleepingcomputer.com/news/security/200-million-twitter-users-email-addresses-

12  allegedly-leaked-online/, which is incorporated by reference in ¶¶ 59 and 60(A) of the Complaint,

13  and is attached to the Broome Declaration as **Exhibit 9**.

14        10.     An article published on the KnowBe4 website on March 7, 2013, titled "28 Percent

15  of Data Breaches Lead to Fraud," available at https://blog.knowbe4.com/bid/252486/28-percent-

16  of-data-breaches-lead-to-fraud, which is incorporated by reference in ¶ 100 of the Complaint, and

17  is attached to the Broome Declaration as **Exhibit 10**.

18        11.     A report published by the United States Government Accountability Office on June

19  4, 2007, titled **"**Data Breaches Are Frequent, But Evidence of Resulting Identity Theft is Limited;

20  However, the Full Extent is Unknown" (GAO–07-737), available at

21  https://www.gao.gov/assets/gao-07-737.pdf, which is incorporated by reference in ¶ 53 of the

22  Complaint, and is attached to the Broome Declaration as **Exhibit 11**.

23        12.     A Twitter Help Center page titled "About your email and phone number

24  discoverability privacy settings," available at https://help.twitter.com/en/safety-and-security/email-

25  and-phone-discoverability-settings, which is central to the plausibility of Plaintiffs' claims, and is

26  attached to the Broome Declaration as **Exhibit 12**.

27        13.     A Twitter Help Center page titled "How to Upload and Manage Your Contacts,"

28  available at https://help.twitter.com/en/using-twitter/upload-your-contacts-to-search-for-friends,

1  which is central to the plausibility of Plaintiffs' claims, and is attached to the Broome Declaration

2  as **Exhibit 13**.

3       14.    A Twitter Help Center page titled "About Twitter's Account Suggestions,"

4  available at https://help.twitter.com/en/using-twitter/account-suggestions, which is central to the

5  plausibility of Plaintiffs' claims, and is attached to the Broome Declaration as **Exhibit 14**.

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT
OF ITS MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

The documents listed above are properly the subject of incorporation by reference and judicial notice and the Court should consider them when ruling on Twitter's Motion to Dismiss.

## I.    LEGAL STANDARD

On a motion to dismiss, a court "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A court must consider a document explicitly mentioned in the complaint or even a document "not explicitly refer[red] to" in a complaint but which "the complaint necessarily relies upon." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). "Under the 'incorporation by reference' doctrine in this Circuit, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Davis v. HSBC Bank Nev.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal citations omitted). Documents incorporated by reference are treated "as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

This doctrine aims to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citations omitted).  Among other things, the doctrine serves to preclude plaintiffs from "selecting *only portions* of documents that support their claims, *while omitting* portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002 (emphasis added).  "The rationale of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Davis*, 691 F.3d at 1160–61 (holding that web pages referenced in the complaint are incorporated by reference).

In addition, publicly accessible web pages are "[p]roper subjects of judicial notice when ruling on a motion to dismiss." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014); *see also Threshold Enters. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145 (N.D. Cal.

1     2020) (taking judicial notice of "screenshots and printouts of websites," including "social media

2     websites, and information and news websites").

3        Specifically, courts in this district routinely take judicial notice of Terms of Service, Privacy

4     Policies, and Help Center pages that are posted publicly online.  *See Brown v. Google LLC*, 525 F.

5     Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of terms of service, privacy policies,

6     privacy notices, and other publicly available web pages); *Calhoun v. Google LLC*, 526 F. Supp. 3d

7     605, 617 (N.D. Cal. 2021) (taking judicial notice of four versions of the company's privacy policy);

8     *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020) (taking judicial

9     notice of Google's Terms of Service, Privacy Policy, and a Google blog post for purposes of motion

10    to dismiss); *Matera v. Google, Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking

11    judicial notice of "various versions of Google's Privacy Policy" and a Google web page titled

12    "Updates: Privacy Policy" for purposes of motion to dismiss); *Opperman v. Path, Inc.,* 84 F. Supp.

13    3d 962, 976 (N.D. Cal. 2015) (collecting cases in which courts have taken judicial notice of publicly

14    available policies).

15   **II.**      **THE COURT SHOULD CONSIDER THE EXHIBITS**

16        In ruling on Twitter's motion to dismiss, the Court should consider the below documents,

17    which are incorporated by reference in the Complaint or otherwise subject to judicial notice:

18        **Exhibit 1**: This document is Twitter's Privacy Policy effective June 18, 2020, available at

19    https://twitter.com/en/privacy/previous/version_16. It is incorporated by reference in paragraphs

20    33-38 of the Complaint, referenced extensively throughout the Complaint, and Plaintiffs rely on it

21    to support their claims, including for breach of contract and negligence.[1] It is also a publicly

22    available webpage that is subject to judicial notice.

23

24

---

25   [1] *See Park v. Thompson*, 851 F.3d 910, 929 (9th Cir. 2017) ("where a plaintiff has relied upon a document, or parts thereof, courts can properly consider the whole of the document to be

26   effectively incorporated by reference into the complaint"); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (judicially noticing the full text of a document, including portions

27   not mentioned in the complaint); *Newman v. Google LLC*, 2021 WL 2633423, at *15 (N.D. Cal. June 25, 2021) (rejecting plaintiff's "selective reliance" on parties' contracts and holding them

28   incorporated by reference).

Case No. 4:23-cv-00186-KAW

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT
OF ITS MOTION TO DISMISS

1  **Exhibit 2**: This document is Twitter's Privacy Policy effective August 19, 2021, available

2  at https://twitter.com/en/privacy/previous/version_17. It is incorporated by reference in paragraphs

3  33-38 of the Complaint, referenced extensively throughout the Complaint, and Plaintiffs rely on it

4  to support their claims, including for breach of contract and negligence. It is also a publicly available

5  webpage that is subject to judicial notice.

6  **Exhibit 3**: This document is Twitter's Privacy Policy effective June 10, 2022, available at

7  https://twitter.com/en/privacy/previous/version-18.  It is incorporated by reference in paragraphs

8  33-38 of the Complaint, referenced extensively throughout the Complaint, and Plaintiffs rely on it

9  to support their claims, including for breach of contract and negligence. It is also a publicly

10  available webpage that is subject to judicial notice.

11  **Exhibit 4**: This document is Twitter's Terms of Service effective June 18, 2020, available

12  at https://twitter.com/en/tos/previous/version_15. It is incorporated by reference in paragraphs 33-

13  35 and 119-121 of the Complaint, referenced extensively throughout the Complaint, and Plaintiffs

14  rely on it to support their claims, including for breach of contract. It is also a publicly available

15  webpage that is subject to judicial notice.[2]

16  **Exhibit 5**: This document is Twitter's Terms of Service effective August 19, 2021,

17  available at https://twitter.com/en/tos/previous/version_16. It is incorporated by reference in

18  paragraphs 33-35 and 119-121 of the Complaint, referenced extensively throughout the

19  Complaint, and Plaintiffs rely on it to support their claims, including for breach of contract. It is

20  also a publicly available webpage that is subject to judicial notice.

21  **Exhibit 6**: This document is Twitter's Terms of Service effective June 10, 2022, available

22  at https://twitter.com/en/tos/previous/version-17. It is incorporated by reference in paragraphs 33-

23  35 and 119-121 of the Complaint, referenced extensively throughout the Complaint, and Plaintiffs

24  rely on it to support their claims, including for breach of contract. It is also a publicly available

25  webpage that is subject to judicial notice.

26

27  [2] *See, e.g.*, *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101,1114 (C.D. Cal. 2003)

28  ("contracts between [a defendant] and putative class members that provide the foundation for
plaintiffs' claims" are properly considered on a motion to dismiss).

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT
OF ITS MOTION TO DISMISS

1   **Exhibit 7**: This is a blog post published on the Twitter Privacy Center on August 5, 2022,

2   titled "An incident impacting some accounts and private information on Twitter," available at

3   https://privacy.twitter.com/en/blog/2022/an-issue-affecting-some-anonymous-accounts. It is

4   incorporated by reference in paragraphs 62 and 65 of the Complaint, and is also a publicly

5   available webpage that is subject to judicial notice.

6   **Exhibit 8**: This is a blog post published on the Twitter Privacy Center on January 11,

7   2023, titled "Update about an alleged incident regarding Twitter user data being sold online,"

8   available at https://privacy.twitter.com/en/blog/2023/update-about-an-alleged-incident-regarding-

9   twitter-user-data-being-sold-online. It is incorporated by reference in paragraphs 66-68 of the

10  Complaint, and is also a publicly available webpage that is subject to judicial notice.

11  **Exhibit 9**: This is an article published on the Bleeping Computer website on January 4,

12  2023, titled "200 million Twitter users' email addresses allegedly leaked online," available at

13  https://www.bleepingcomputer.com/news/security/200-million-twitter-users-email-addresses-

14  allegedly-leaked-online/. It is incorporated by reference in paragraphs 59 and 60(A) of the

15  Complaint, and is also a publicly available webpage that is subject to judicial notice.[3]

16  **Exhibit 10**: This is an article posted on the KnowBe4 website on March 7, 2013, titled "28

17  Percent of Data Breaches Lead to Fraud," available at https://blog.knowbe4.com/bid/252486/28-

18  percent-of-data-breaches-lead-to-fraud. It is incorporated by reference in paragraph 100 of the

19  Complaint, and is also a publicly available webpage that is subject to judicial notice.

20  **Exhibit 11**: This is a report published by the United States Government Accountability

21  Office on June 4, 2007, titled "Data Breaches Are Frequent, But Evidence of Resulting Identity

22  Theft is Limited; However, the Full Extent is Unknown" (GAO–07-737), available at

23  https://www.gao.gov/assets/gao-07-737.pdf. It is incorporated by reference in paragraph 53 of the

24  Complaint, and is also a publicly available webpage that is subject to judicial notice.

25

26

27  _____

[3] *See In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, n.10 (N.D.

28  Cal. 2019) (incorporating by reference a news article cited in the complaint); *Ramos v. Nielsen*, 321 F. Supp. 3d 1083, 1099 n.11 (N.D. Cal. 2018) (same).

Case No. 4:23-cv-00186-KAW

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF ITS MOTION TO DISMISS

**Exhibit 12**: This is the Twitter Help Center page titled "About your email and phone number discoverability privacy settings," available at https://help.twitter.com/en/safety-and-security/email-and-phone-discoverability-settings. It is central to the plausibility of Plaintiffs' claims, and is also a publicly available webpage that is subject to judicial notice.[4]

**Exhibit 13**: This is the Twitter Help Center page titled "How to Upload and Manage Your Contacts," available at https://help.twitter.com/en/using-twitter/upload-your-contacts-to-search-for-friends. It is central to the plausibility of Plaintiffs' claims, and is also a publicly available webpage that is subject to judicial notice.

**Exhibit 14:** This is the Twitter Help Center page titled "About Twitter's Account Suggestions," available at https://help.twitter.com/en/using-twitter/account-suggestions. It is central to the plausibility of Plaintiffs' claims, and is also a publicly available webpage that is subject to judicial notice.

## CONCLUSION

For the foregoing reasons, Twitter respectfully requests that the Court take judicial notice of Exhibits 1 through 14 attached to the Broome Declaration.


DATED:  June 6, 2023                    QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP


                                        By    _____/s/ Stephen A. Broome_____
                                              Stephen A. Broome
                                              *Attorney for Defendant X Corp.,*
                                              *successor in interest to Twitter, Inc.*

---

[4] *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (taking judicial notice of various publicly accessible webpages); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (publicly accessible webpages are proper subjects of judicial notice when ruling on a motion to dismiss); *Threshold Enters. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 145 (N.D. Cal. 2020) (same).