**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (*pro hac vice admitted*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com

*Attorneys for Plaintiff Casey Weitzman*

**ISRAEL DAVID LLC**
Israel David (*pro hac vice admitted*)
17 State Street, Suite 4010
New York, New York 10004
Telephone: (212) 739-0622
Facsimile: (212) 739-0628
israel.david@davidllc.com

*Attorneys for Plaintiffs Stephen Gerber and Eric Cohen*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN GERBER, ERIC COHEN, and CASEY WEITZMAN, Individually and on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC. and X CORP., as Successor in Interest to Twitter, Inc.,<br><br>Defendants. | Case No.: 4:23-cv-00186-KAW<br><br>**PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF REGARDING UNOPPOSED MOTION TO APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)**<br><br>**Hearing:** June 29, 2023 at 1:30 PM |

Plaintiffs respectfully submit this second supplemental brief pursuant to the Court's order of May 30, 2023 (Dkt. No. 39) (the "May 30 Order"), which directed Plaintiffs to file supplemental briefing in support of Plaintiffs' April 4, 2023 unopposed motion to appoint Interim Co-Lead Class Counsel (Dkt. No. 28), regarding the need to appoint interim counsel in this matter. For the reasons set forth herein, as well as those stated in Plaintiffs' unopposed motion, the Court should appoint Scott+Scott Attorneys at Law LLP and Israel David LLC as Interim Co-Lead Class Counsel.

Rather than file contested motions for appointment, Plaintiffs' counsel agreed to "private ordering" which is the most common and preferred approach to establishing a leadership structure among potential rivals. *See* MANUAL FOR COMPLEX LITIGATION, 4TH §21.272 (the "Manual"). Appointing interim counsel now will allow Plaintiffs' counsel to efficiently and effectively litigate the Action by resolving potential conflicts among Plaintiffs, providing a single voice for Defendants and the Court to communicate with, and preventing unnecessary procedural tie-ups should further similar cases be filed – an outcome which counsel in this matter has experienced first-hand and is moving proactively to avoid in this Action.

Plaintiffs initiated their cases independently, in separate forums, with no prior consultation among themselves or their counsel. Declaration of Joseph P. Guglielmo (the "Decl."), ¶3. Plaintiffs Stephen Gerber and Eric Cohen filed their action in this Court on January 13, 2023, while Plaintiff Casey Weitzman filed her initial complaint in California state court on January 17, 2023. *Id.* Only after Defendants' removal of Plaintiff Weitzman's case to this District on February 21, 2023, did Plaintiffs' counsel begin discussions on whether and how to consolidate their action and organize leadership in this Action. *Id.* This independent and potentially adversarial posture distinguishes this Action from that of *In re Seagate Tech. LLC Litig.*, No. 16-cv-00523-RMW, 2016 WL 3401989, at *3 (N.D. Cal. June 21, 2016) (denying motion to appoint interim class counsel in part because "counsel intended to cooperate with one another from the start of the case, rendering appointment of interim class counsel unnecessary") and *Imran v. Vital Pharms., Inc.*,

PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF REGARDING UNOPPOSED MOTION TO APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO F.R.C.P. 23(g)
1

No. 18-CV-05758, 2019 WL 1509180, at *10 (N.D. Cal. April 5, 2019) (similar, citing *Seagate Technology*).

Consistent with the factors provided by Rule 23(g), the Manual and myriad courts in this District and elsewhere, counsel sought to resolve potential conflict among the Plaintiffs and find consensus on a representational structure beneficial for the Class. Decl., ¶3. Such "private ordering" is the most common approach in selecting class counsel. *See Four In One Co., Inc. v. SK Foods, L.P.*, No. 2:08-CV-03017, 2009 WL 747160, at *2 (E.D. Cal. Mar. 20, 2009), citing Manual §21.272 ("'The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests.'"). Courts in this District encourage such cooperation amongst potential rivals and appoint interim class counsel even where, as here, the parties are not aware of any other related filed case. *See, e.g.*, *Bartling v. Apple Inc.*, No. 5:18-CV-00147, 2018 WL 4804735, at *2 (N.D. Cal. Apr. 27, 2018) (appointing interim co-lead counsel where "[t]he firms appear to have cooperated with one another in the process, and appear to be able and willing to work well together); *see also* Manual §10.22. In fact, when there are contested motions for lead appointment, it is not unusual for counsel to show up at a hearing and be told to go out in the hall and try to resolve the issue among themselves. Counsel saved that step.

Here, counsel for Plaintiffs collectively decided it would be in the best interests of Plaintiffs and the Class to coordinate efforts under a single leadership structure with interim co-lead counsel, rather than litigating the leadership issue. Decl., ¶3. In so doing, Plaintiffs' counsel drew upon their significant combined experience in consumer class action litigation, in general, and data breach litigation, in particular. *Id.* Plaintiffs should not be punished because they were able to agree upon interim lead counsel without resorting to motion practice. The practical effect of denying appointment of interim lead counsel motions on this basis could reduce parties' willingness to compromise and utilize a preferred method of organizing class counsel appointments. To the extent that the Court is concerned that appointment of interim lead counsel

PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF REGARDING UNOPPOSED MOTION TO APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO F.R.C.P. 23(g)

2

at this time could lead to inefficiencies, proposed interim Co-Lead Counsel will oversee the work and assignments to avoid duplication. Dkt. No. 38.

As the Court's other cited cases show, courts recognize that interim class leadership is appropriate when counsel has demonstrated diligence in developing and litigating an action, and especially when counsel has previously been appointed to leadership in similar complex class action cases. In *Douglas v. Haier Am. Trading, LLC*, No. 5:11-cv-02911 EJD (PSG), (N.D. Cal. Aug. 17, 2011), the court highlighted the fact that counsel had previously been appointed to represent the class in a similar class action suit. *Id.* at *5-6. Likewise, in *Olosoni v. HRB Tax Grp., Inc.*, No. 19-CV-03610, 2019 WL 7576680 (N.D. Cal. Nov. 5, 2019), the court granted a motion to appoint interim lead counsel in part due to "[counsel's] work on the case so far, its expertise drawn from work on similar complex consumer class action cases, and its ability to continue representation in this case." *Id.* at *6. The same is true here – Plaintiffs' counsel have extensive expertise in data breach cases and have been appointed to leadership in similar complex class action cases before.

Even when Plaintiffs are unaware of any impending additional filings, as the Parties believe to be the case here, appointing interim co-lead counsel at this time is beneficial. Cases such as this Action, involving highly publicized allegations against large and well-known companies often attract follow-on copycat complaints, especially where there is no court-appointed leadership structure in place, leading to a waste of judicial and litigant resources, and hindering the interests of the Class.

As an example, in *In re Google Assistant Priv. Litig.*, No. 19-CV-04286 (N.D. Cal. Dec. 14, 2020), cited by the Court in the May 30 Order, two similar class action suits were related and consolidated. Counsel for the initial two suits (including Scott+Scott, proposed interim co-lead counsel here) did not move for leadership, but agreed to jointly prosecute the case, proceeding to vigorously and successfully litigating the consolidated action for over a year, including defeating an initial motion to dismiss. Decl., ¶4. After more than a year, a follow-on case was filed by

PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF REGARDING UNOPPOSED MOTION TO
APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO F.R.C.P. 23(g)
3

separate counsel, which, among other things, included new additional class claims and legal theories. *Id.* Immediately after the court consolidated the new action with the two original actions, counsel for the two original actions, including Scott+Scott, moved to be appointed interim co-class counsel. Before that motion was decided, the court ordered a consolidated complaint filed, including the new claims. *Id.* Counsel for the two original actions could not reach an agreement on the claims to include in a consolidated actions and disputed the merits of the new claims. *Id.* With the amended consolidated complaint on file, the court then rejected the interim co-lead counsel application. *In re Google Assistant Priv. Litig.*, at *4-5. The parties were required to expend much additional time and resources on the prosecution of the claims given that no appointment of interim counsel was made. Decl., ¶4. This resulted in the plaintiffs moving forward with unwilling partners who introduced unnecessary difficulties in prosecuting the case. *Id.* Ultimately, the new claims brought by the new counsel were dismissed by the court, and, after two full years, the new plaintiffs voluntarily dismissed their suit as well, leaving the original counsel to pursue the original claims. *Id.* If original counsel in *Google Assistant* had been appointed interim counsel, that two-year interlude could have been avoided, and interim counsel would have been able to lead the action and ultimately decide what claims should be brought. *Id.* Plaintiffs here hope to avoid that scenario here.

The prospect of duplicative suits here is not merely speculative. Plaintiffs are aware of multiple notices online seeking potential victims of the Twitter data breach from class action news and attorney referral clearinghouse sites, presumably with an intention to file similar class action suits. Top Class Actions posted a notice of this Action on its website on January 19, 2023, soliciting comments from affected consumers, and as of June 12, 2023, has received 77 such comments. Top Class Actions, *Class action lawsuit claims Twitter API defect allowed data breach* (Jan. 19, 2023), https://topclassactions.com/lawsuit-settlements/privacy/data-breach/class-action-lawsuit-claims-twitter-api-defect-allowed-data-breach/ (last visited Jun. 12, 2023). Top Class Actions claims that it "has helped law firms across the country successfully find plaintiffs for class

PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF REGARDING UNOPPOSED MOTION TO APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO F.R.C.P. 23(g)

4

action lawsuits & mass torts since 2008, receiving tens of thousands of leads per month." Top Class Actions, *Work with us,* https://topclassactions.com/work-with-us/ (last visited Jun. 12, 2023). Likewise, Classaction.org posted a notice about this action on its website on January 16, 2023. Classaction.org, *Twitter Data Leak: API 'Defect' Exposed Information of Over 200M Users, Class Action Says* (Jan. 30, 2023), https://www.classaction.org/news/twitter-data-leak-api-defect-exposed-information-of-over-200m-users-class-action-says (last visited Jun. 12, 2023). Classaction.org advises consumers who contact the site that "[y]our information will be forwarded to one of the attorneys we work with. Someone at the firm may then reach out to you." Classaction.org, *FAQs*, https://topclassactions.com/work-with-us/ (last visited Jun. 12, 2023).

Finally, Plaintiffs' counsel has already shown that they can not only work to resolve issues amongst themselves, but they can work productively as a unit with counsel for Defendants to reduce disputes, preserve judicial resources, ultimately to the benefit of the Class. When Defendants removed Plaintiff Weitzman's case from California state court to this Court, Plaintiffs' counsel collectively discussed the issue of removal and remand with Defendants' counsel. Counsel for all parties were able to resolve these issues and agreed to proceed with the *Weitzman* action in this Court, eliminating the need for motion practice on the remand issue. Decl., ¶5.

Based on the above, and on Plaintiffs' previous submissions, Plaintiffs respectfully submit that an appointment of interim co-lead counsel in this Action is appropriate.

DATED: June 13, 2023

 s/ Israel David
**ISRAEL DAVID LLC**
Israel David (admitted *pro hac vice)*
Hayley Elizabeth Lowe (*pro hac vice* forthcoming)
Blake Hunter Yagman (admitted *pro hac vice*)
Madeline Sheffield (*pro hac vice* forthcoming)
17 State Street, Suite 4010
New York, New York 10004
Telephone: 212-739-0622
israel.david@davidllc.com

 s/ Joseph P. Guglielmo
hayley.lowe@davidllc.com
blake.yagman@davidllc.com
madeline.sheffield@davidllc.com
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
jguglielmo@scott-scott.com

PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF REGARDING UNOPPOSED MOTION TO APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO F.R.C.P. 23(g)
5

**ZIMMERMAN REED LLP**
Jeff Westerman (CA Bar No. 94559)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Telephone: 877-500-9780
Jeff.Westerman@zimmreed.com

*Attorneys for Plaintiffs Stephen Gerber and Eric Cohen*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph A. Pettigrew (CA Bar No. 236933)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jpettigrew@scott-scott.com

**LYNCH CARPENTER LLP**
Gary F. Lynch
Jamisen A. Etzel
Nicholas A. Colella
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412-322-9243
Facsimile:  412-231-0246
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

**WOOD LAW FIRM, LLC**
E. Kirk Wood (*pro hac vice* forthcoming)
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone: 205-908-4906
kirk@woodlawifrmllc.com

*Attorneys for Plaintiff Casey Weitzman*

PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF REGARDING UNOPPOSED MOTION TO APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO F.R.C.P. 23(g)

6

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2023, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on June 13, 2023, at New York, New York.

                                            s/ *Joseph P. Guglielmo*
                                            Joseph P. Guglielmo (admitted *pro hac vice)*

PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF REGARDING UNOPPOSED MOTION TO APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO F.R.C.P. 23(g)

7