**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (*pro hac vice admitted*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com

*Attorneys for Plaintiff Casey Weitzman*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GERBER, ERIC COHEN, and CASEY WEITZMAN, Individually and on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC. and X CORP., as Successor in Interest to Twitter, Inc.,<br><br>Defendants. | Case No.: 4:23-cv-00186-KAW<br><br>**DECLARATION OF JOSEPH P. GUGLIELMO IN SUPPORT OF PLAINTIFFS' SECOND SUPPLEMENTAL BRIEF REGARDING UNOPPOSED MOTION TO APPOINT INTERIM CO-LEAD COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)**<br><br>Hearing: June 29, 2023 at 1:30 PM |

I, Joseph P. Guglielmo, pursuant to 28 U.S.C. §1746, hereby confirm that I am over 18 years of age and competent to make the following Declaration under penalty of perjury:

1. I am a partner at Scott+Scott Attorneys at Law LLP ("Scott+Scott").

2. Plaintiffs initiated their cases independently, in separate forums, with no prior consultation among themselves or their counsel. Plaintiffs Stephen Gerber and Eric Cohen filed their action in this Court on January 13, 2023, while Plaintiff Casey Weitzman filed her initial complaint in California state court on January 17, 2023. Only after Defendants' removal of Plaintiff Weitzman's case to this District on February 21, 2023, did Plaintiffs' counsel begin discussions on whether and how to consolidate their action and organize leadership in the action.

3. Consistent with the factors provided by Rule 23(g), the *MANUAL FOR COMPLEX LITIGATION (4TH* §21.272), and myriad courts in this District and elsewhere, counsel sought to resolve potential conflict among the Plaintiffs and find consensus on a representational structure beneficial for the Class. Counsel for Plaintiffs collectively decided it would be in the best interests of Plaintiffs and the Class to coordinate efforts under a single leadership structure with interim co-lead counsel rather than litigating the leadership issue. In so doing, Plaintiffs' counsel drew upon their significant combined experience in consumer class action litigation in general and data breach litigation in particular.

4. I am counsel for plaintiffs in *In re Google Assistance Privacy Litig.*, No. 19-cv-04286-BLF (N.D. Cal.). Counsel for the initial two cases in that lawsuit (including Scott+Scott) did not move for leadership, but agreed to jointly prosecute the case, proceeding to vigorously and successfully litigate the consolidated action for over a year, including defeating an initial motion to dismiss. After more than a year, a follow-on case was filed by separate counsel, which, among other things, included new additional class claims and legal theories. Immediately after the court consolidated the new action with the two original actions, counsel for the two original actions, including Scott+Scott moved to be appointed interim co-class counsel. Before that motion was decided, the court ordered a consolidated complaint filed, including the new claims. Counsel for

the two original actions could not reach an agreement on the claims to include in a consolidated actions and disputed the merit of the new claims. With the amended consolidated complaint on file, the court then rejected the interim co-lead counsel application. The parties were required to expend much additional time and resources on the prosecution of the claims given that no appointment of interim counsel was made. This resulted in the plaintiffs moving forward with unwilling partners who introduced unnecessary difficulties in prosecuting the case. Ultimately, the new claims brought by the new counsel were dismissed by the court, and, after two full years, the new plaintiffs voluntarily dismissed their suit as well, leaving the original counsel to pursue the original claims.

5. When Defendants removed Plaintiff Weitzman's case from California state court to this Court, all Plaintiffs' counsel collectively discussed the issue of removal and remand with Defendants' counsel. Counsel for all parties were able to resolve these issues and agreed to proceed with the *Weitzman* action in this Court, eliminating the need for motion practice on the remand issue.

I declare under the penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

DATED: June 13, 2023

*/s/ Joseph P. Guglielmo*
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com

*Attorneys for Plaintiff Casey Weitzman*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2023, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on June 13, 2023, at New York, New York.

      s/ *Joseph P. Guglielmo*
      Joseph P. Guglielmo (admitted *pro hac vice*)