| | |
|---|---|
| **SCOTT+SCOTT**<br>**ATTORNEYS AT LAW LLP**<br>Joseph P. Guglielmo (*pro hac vice* admitted)<br>The Helmsley Building<br>230 Park Avenue, 17th Floor<br>New York, NY 10169<br>Telephone: (212) 223-6444<br>jguglielmo@scott-scott.com<br><br>*Attorneys for Plaintiff Casey Weitzman* | **ISRAEL DAVID LLC**<br>Israel David (*pro hac vice* admitted)<br>Hayley Elizabeth Lowe (*pro hac* forthcoming*)*<br>Blake Hunter Yagman (*pro hac vice* admitted)<br>Madeline Sheffield (*pro hac* forthcoming)<br>17 State Street, Suite 4010<br>New York, NY 10004<br>Telephone: (212) 739-0622<br>israel.david@davidllc.com<br>hayley.lowe@davidllc.com<br>blake.yagman@davidllc.com<br>madeline.sheffield@davidllc.com<br><br>*Attorneys for Plaintiffs Stephen Gerber and Eric Cohen* |

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| STEPHEN GERBER, ERIC COHEN, and CASEY WEITZMAN, on Behalf of Themselves and All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>TWITTER, INC. and X CORP., as Successor in Interest to Twitter, Inc.,<br><br>            Defendants. | Case No. 4:23-cv-00186-KAW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>JUDGE: Kandis A. Westmore<br>DATE: October 19, 2023<br>TIME: 1:30 PM<br>COURTROOM: TBD |

Plaintiffs Stephen Gerber, Eric Cohen, and Casey Weitzman, individually and on behalf of all others similarly situated ("Plaintiffs") respectfully submit this Memorandum of Law in Opposition (the "Opposition" or "Opp.") to Defendants Twitter, Inc.'s and X. Corp.'s, as successor in interest to Twitter, Inc. ("Defendant" or "Twitter") Request for Judicial Notice and Incorporation by Reference (the "Request" [Dkt. No. 41]) in Support of Defendant's Motion to Dismiss Plaintiffs' Consolidated Amended Complaint (the "Motion" or "MTD" [Dkt. No. 40]).

## I. STATEMENT OF THE ISSUES TO BE DECIDED

Whether pursuant to Rule 201 of the Federal Rules of Evidence or the incorporation by reference doctrine the Court should, in ruling on the Motion to Dismiss, consider Exhibits 9, 11, 12, 13, and 14 (Dkt. Nos. 40-10. 40-12, 40-13, 40-14, and 40-15, respectively) to the Declaration of Stephen A. Broome in Support of the Motion to Dismiss (the "Broome Declaration" [Dkt. No. 40-1]), or should deny the Request and assess the sufficiency of Plaintiffs' Consolidated Amended Class Action Complaint (the "Complaint" or "CAC" [Dkt. No. 36]) without consideration of material outside of the Complaint.

## II. INTRODUCTION

Plaintiffs oppose Defendant's improper request for judicial notice or incorporation by reference of Exhibits 9, 11, 12, 13, and 14 to the Broome Declaration. Defendant's request would have the Court assume the truth of the contents of these documents for the sole purpose of disputing well-pleaded facts in the Complaint. Neither judicial notice nor incorporation by reference may be employed for this purpose, especially when the documents are not referenced extensively (or at all) in the Complaint and do not form the basis of Plaintiffs' claims.

## III. ARGUMENT

### A. The Request is Improper Because Defendant Seeks to Establish the Truth of the Documents' Contents For the Purpose of Disputing Facts Pled in the Complaint.

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). When "matters outside the pleading are presented to and not excluded by the court," a Rule 12(b)(6) motion converts into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). There are two exceptions to this rule—

judicial notice under Fed. R. Evid. 201 and the incorporation by reference doctrine. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

While a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, it cannot take judicial notice of disputed facts contained in those records. *Id.* at 999. Documents may also be incorporated into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 1002; *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1061 (N.D. Cal. 2017) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (internal quotation marks omitted). *However*, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003. Judicial notice and incorporation by reference should be applied with care on a motion to dismiss, as "overuse and improper application . . . can lead to unintended and harmful results." *Id.* "[T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.*

In sum, judicial notice and incorporation by reference serve a narrowly tailored purpose, allowing for the recognition of public records or documents central to a plaintiffs' complaint. Defendant's Request as to Exhibits 9, 11, 12, 13, and 14 to the Broome Declaration goes well beyond these limited functions. It asks the Court to assume the truth of assertions made in articles and publications that are quoted only briefly in the Complaint (or not at all). For the reasons stated in further detail below, the Court should deny the Request.

**B. The Court Should Deny the Request as to Exhibits 9, 11, 12, 13, and 14 to the Broome Declaration.**

    **1. Exhibit 9**

Defendant requests that the Court incorporate by reference and/or take judicial notice of Broome Declaration, Exhibit 9 (Dkt. No. 40-10), an online article titled "200 Million Twitter Users' Email Addresses Allegedly Leaked Online," appearing in *Bleeping Computer*. (Request, 7.) The article is quoted in the Complaint to provide an example of the "significant media

attention" the Data Breach received.  (CAC ¶ 60[A]).[1]  This limited use, to illustrate how the Data Breach was covered in the media, belies any assertion the article forms the basis of Plaintiffs' claims.  However, Defendant seeks to incorporate Exhibit 9 by reference in order to rely on certain statements in the article regarding the types of private information accessed in the Data Breach and how it was exploited to challenge Plaintiffs' factual allegations.  (MTD, 3-5, 11.)

In doing so, Defendant is not merely asking the Court to take notice of the article's existence or to illustrate what was being reported in the public realm.  Rather, Defendant seeks to establish the truth of the article's contents to dispute factual allegations contained in the Complaint.  In particular, the Complaint cites eight separate media reports regarding the Data Breach.  (*See* CAC ¶¶ 60[A]-[G].)  Defendant cherry-picked one of those media reports and asks the Court to accept and credit — as a factual matter — that report's version of how the Data Breach was implemented by the bad actors.  Tellingly, while Defendant's Motion to Dismiss cites that article repeatedly (MTD, 3-5, 11), Defendant's Motion does not cite, much less address, any of the other media reports regarding the Data Breach cited in the Complaint, including an article titled, "*Twitter is 'almost certainly lying' about being faultless for 200M data leak – here's why,*" – Laptop Mag (Jan. 18, 2023).  (*See* CAC ¶ 60[G]) (emphasis added).

Courts have repeatedly recognized that this is improper.  *See Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated-in a well-pleaded complaint."); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'"); *Tandon v. Newsom*, 517 F. Supp. 3d 922, 944 (N.D. Cal. 2021) ("courts are not permitted to take judicial notice of the truth of the contents of a document."). Defendant's request is especially inappropriate at the motion to dismiss stage, when Plaintiff has yet to conduct discovery regarding the allegations Defendant tries to undercut with this online article, quoted once in the Complaint.  *See Khoja*, 899 F.3d at 1003.

---

[1]  The term "Data Breach," as used herein shall have the definition ascribed to it in the Complaint, at ¶ 46.

### 2. Exhibit 11

Plaintiffs oppose Defendant's request to incorporate by reference and/or take judicial notice of Broome Declaration, Exhibit 11 (Dkt. No. 40-12), a 2007 U.S. Government Accountability Office report on personal information. (Request, 7.) The Complaint quotes this report once regarding how stolen personal data may be used for years to commit fraud. (CAC ¶ 53.) Defendant's Motion to Dismiss quotes a separate portion of the report, that is not cited or referenced in the Complaint, to bolster its argument that's Plaintiffs' common law claims are barred by a disclaimer and limitation of liability provision contained in Twitter's Terms of Service. (MTD, 7.) Defendant's request would have the Court assume the truth of the report's contents regarding the breadth of entities that have been subject to data breaches to support an argument that Defendant's disclaimer and limitation of liability provisions are enforceable. Moreover, the article is only referenced once in the Complaint and the quoted section does not serve as a basis for Plaintiff's claims. Defendant's attempt to use the article to bolster its own defenses is the exact use of judicial notice and incorporation by reference that the Ninth Circuit has deemed improper. *See Khoja*, 899 F.3d at 1002.

### 3. Exhibits 12-14

Finally, Plaintiffs oppose Defendant's request for judicial notice and/or incorporation by reference of Broome Declaration, Exhibits 12, 13, and 14 (Dkt. Nos. 40-13, 40-14, and 40-15), consisting of three pages from Twitter's website titled "About your email and phone number discoverability privacy settings" (Exhibit 12), "How to upload and manage your contacts" (Exhibit 13), and "About Twitter's account suggestions" (Exhibit 14). (Request, 9.) Defendant's Request with respect to these documents is entirely improper. First, the Complaint makes no reference to any of these documents. Second, courts are to "be cautious before taking judicial notice of documents . . . published on a website [. . . .] particularly . . . when a party seeks to introduce documents it created and posted on its own website," as is the case here. *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1033 (N.D. Cal. 2018). Defendant's sole purpose for seeking incorporation by reference and/or judicial notice of these documents is to insert its own version of events to defeat Plaintiffs' claims. This is entirely inappropriate. *See Katz-Lacabe v. Oracle Am., Inc.*, No.

22-CV-04792-RS, 2023 WL 2838118, at *4 (N.D. Cal. Apr. 6, 2023) ("[J]udicially noticing all of the information contained on Oracle's own webpages is improper and unnecessary, as it would serve no purpose other than exactly what the Ninth Circuit warned against: crafting an alternative version of events.").

## IV.     CONCLUSION

For the reasons set forth herein, the Court should deny Defendant's request for judicial notice and/or incorporation by reference of Broome Declaration, Exhibits 9, 11, 12, 13, and 14.

Dated:  July 20, 2023                                              Respectfully Submitted,

/s/ *Joseph P. Guglielmo*                                          /s/ *Israel David*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph P. Guglielmo (*pro hac vice* admitted)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
jguglielmo@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
Joseph A. Pettigrew (CA Bar No. 236933)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
jpettigrew@scott-scott.com

**LYNCH CARPENTER LLP**
Gary F. Lynch (*pro hac vice* pending)
Jamisen A. Etzel (*pro hac vice* forthcoming)
Nicholas A. Colella (*pro hac vice* pending)
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

**WOOD LAW FIRM, LLC**
E. Kirk Wood (*pro hac vice* forthcoming)
P.O. Box 382434
Birmingham, AL 35238-2434
Telephone: (205) 908-4906
kirk@woodlawfirmllc.com

*Attorneys for Plaintiff Casey Weitzman*

**ISRAEL DAVID LLC**
Israel David (*pro hac vice* admitted*)*
Hayley Elizabeth Lowe (*pro hac* forthcoming*)*
Blake Hunter Yagman (*pro hac vice* admitted)
Madeline Sheffield (*pro hac* forthcoming)
17 State Street, Suite 4010
New York, NY 10004
Telephone: (212) 739-0622
israel.david@davidllc.com
hayley.lowe@davidllc.com
blake.yagman@davidllc.com
madeline.sheffield@davidllc.com

**ZIMMERMAN REED LLP**
Jeff Westerman (CA Bar No. 94559)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Telephone: 877-500-9780
jeff.westerman@zimmreed.com

*Attorneys for Plaintiffs Stephen Gerber and Eric Cohen*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ Israel David
Israel David