UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GERBER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TWITTER, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-00186-KAW<br><br>**ORDER GRANTING MOTION TO APPOINT CLASS COUNSEL**<br><br>Re: Dkt. No. 28 |

On January 13, 2023, Plaintiffs filed the instant putative class action against Defendant Twitter, Inc., alleging that a defect in Defendant's application programming interface ("API") allowed cybercriminals to exploit the defect and "scrape" user data, including usernames, e-mail addresses, and phone numbers. (Compl. ("FAC") ¶ 4, Dkt. No. 1.) Pending before the Court is Plaintiffs' unopposed motion to appoint interim class counsel. (Pls.' Mot. to Appoint Interim Counsel, Dkt. No. 28.)

The court previously deemed this matter suitable for resolution without a hearing pursuant to Civil Local Rule 7-1(b). (Dkt. No. 43.) Having considered the parties' filings and the relevant legal authorities, the Court GRANTS Plaintiffs' motion to appoint interim class counsel.

## I. BACKGROUND

On January 13, 2023, Plaintiff Stephen Gerber filed the instant putative class action, alleging claims of negligence, breach of contract, and violations of California's Unfair Competition Law based on the alleged data security breach. (Compl., Dkt. No. 1.) On January 17, 2023, a similar putative class action was filed in state court, which was later removed to federal court. (*See Weitzman v. Twitter, Inc.*, Case No. 23-766-KAW, Dkt. No. 1.) On April 6, 2023, the Court granted the parties' joint administrative motion to consolidate the two cases.

(Dkt. No. 32.) On April 20, 2023, the operative consolidated class action complaint was filed.

On April 4, 2023, Plaintiffs filed a motion to appoint Scott+Scott Attorneys at Law LLP and Israel David LLC as interim co-lead class counsel. (Pls.' Mot. to Appoint Interim Counsel at 4.) Plaintiffs also requested that the Court appoint a Steering Committee. (*Id.*) On May 5, 2023, the Court requested supplemental briefing as to why a steering committee was necessary, citing cases that declined to appoint such committees where the plaintiffs failed to explain how the interests of the class diverged or were dissimilar. (Dkt. No. 37.) On May 19, 2023, Plaintiffs filed a supplemental brief, withdrawing their request for a steering committee. (Dkt. No. 38.) On May 5, 2023, the Court requested further supplemental briefing as to why appointment of interim class counsel was necessary. (Dkt. No. 39.) On June 13, 2023, Plaintiffs filed their second supplemental brief. (Dkt. No. 42.) To date, no opposition has been filed to the pending motion to appoint interim class counsel.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 23(g)(3), "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006). While Rule 23 does not articulate a standard for appointment of interim counsel, courts typically consider the factors contained in Rule 23(g)(1), namely: (1) the work counsel has done in identifying or investigating the claims in the action, (2) counsel's experience in handling class actions, complex litigation, and/or the types of claims asserted in the case, (3) counsel's knowledge of the applicable law, and (4) the resources that counsel will commit to representing the class. *See Brown v. Accellion, Inc.*, No. 5:21-cv-01155-EJD, 2023 U.S. Dist. LEXIS 23146, at *6 (N.D. Cal. Feb. 10, 2023); *In re Seagate Tech. LLC Litig.*, No. 16-cv-00523-RMW, 2016 U.S. Dist. LEXIS 80741, at *5 (N.D. Cal. June 21, 2016).

## III. DISCUSSION

Based on the filings before the Court, the Court finds that the proposed interim counsel

would be appropriate per the standards of Rule 23(g)(1). The proposed interim lead counsel has investigated Defendant's response to the data breach and technical specifications of the breach, conducted factual research, discussed the breach with potential expert witnesses, reviewed whistleblower reports, and analyzed similar data breaches. (Pl.'s Mot. to Appoint Interim Counsel at 6.) The proposed interim lead counsel appears to have significant experience in class actions and data breach cases. For example, Scott+Scott has a dedicated complex and class action litigation practice, including leadership positions in data breach class actions. (*Id.* at 7.) Israel David LLC, in turn, focuses on class actions and commercial litigation, and has extensive data privacy and data breach litigation experience. (*Id.* at 10, 12.) Finally, the proposed interim lead counsel state that collectively, they possess the ability to finance this litigation through trial without seeking third-party funding. (*Id.* at 19.)

The Court, however, notes that courts in this district have been reluctant to appoint interim counsel where there are no competing lawsuits or "a gaggle of law firms jockeying to be appointed class counsel." *In re Seagate Tech. LLC Litig.*, 2016 U.S. Dist. LEXIS 80741, at *8 (finding appointment of interim class counsel unnecessary where two separate cases with similar complaints were consolidated into one action); *In re Google Assistance Privacy Litig.*, No. 19-cv-04286-BLF, 2020 U.S. Dist. LEXIS 235824, at *4-5 (N.D. Cal. Dec. 14, 2020) (finding appointment of counsel was not warranted where there was a single consolidated action and the parties "have not identified any other related lawsuits or the potential for additional attorneys to enter the fray"); *but see Douglas v. Haier Am. Trading, LLC*, No. 5:11-cv-02911 EJD (PSG), 2011 U.S. Dist. LEXIS 91695, at *5-6 (N.D. Cal. Aug. 17, 2011) (consolidating two cases and appointing interim lead counsel). Thus, the Court requested further supplemental briefing on this issue. (Dkt. No. 39.)

In response, counsel explained that they had sought to avoid filing contested and competing motions for appointment by agreeing to the proposed interim counsel leadership structure, thus resolving potential conflicts among various counsel. (Dkt. No. 42 at 1.) Otherwise, denial of appointment of interim lead counsel "could reduce parties' willingness to compromise and utilize a preferred method of organizing class counsel appointments." (*Id.* at 2.) In addition,

3

counsel has identified the possibility of duplicative suits, as counsel is aware of multiple notices online seeking potential victims of the Twitter data breach.  (*Id.* at 4.)  *See Olosoni v. HRD Tax Grp., Inc.*, No. 19-cv-03610-SK, 2019 U.S. Dist. LEXIS 224869, at *20 (N.D. Cal. Nov. 5, 2019) (finding appointment of interim counsel appropriate where a later-filed, nearly identical suit was pending in another district court).

Given that the instant motion effectively avoids contested motions for appointment of interim lead counsel, as well as the potential for additional lawsuits (and competing attorneys), the Court finds that appointment of interim counsel is warranted in this case.  This is particularly the case where, as discussed above, the parties have significant experience in both class actions and data privacy cases, have investigated the breach at issue, and have demonstrated an ability to cooperate with one another to save both party and judicial resources.  *Compare with Bartling v. Apple Inc.*, No. 5:18-CV-00147-EJD, 2018 WL 4804735 (N.D. Cal. Apr. 27, 2018) (appointing interim lead counsel where counsel had conducted a detailed investigation and analysis, and had demonstrated a willingness and ability to work well together).

## IV.   CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' motion and appoints Scott+Scott LLP and Israel David LLC as interim co-lead class counsel.  Counsel will be responsible for litigating this action, including but not limited to coordinating discovery, briefing, organizing the litigation, settlement negotiations, entering into stipulations with opposing counsel, preparing status reports, maintaining time and disbursement records covering services for all Plaintiffs' counsel, and the delegation of tasks to other counsel and monitoring of any other law firms that might seek to represent putative class members to ensure that schedules are met.

IT IS SO ORDERED.

Dated: July 25, 2023

KANDIS A. WESTMORE
United States Magistrate Judge