SAWYER & LABAR LLP
ADRIAN SAWYER, State Bar No. 203712
*sawyer@sawyerlabar.com*
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820

CAHILL GORDON & REINDEL LLP
JOEL KURTZBERG (admitted *pro hac vice*)
*jkurtzberg@cahill.com*
JOHN MACGREGOR, State Bar No. 304330
*jmacgregor@cahill.com*
JASON D. ROZBRUCH (admitted *pro hac vice*)
*jrozbruch@cahill.com*
32 Old Slip
New York, NY 10005
Telephone: 212.701.3120

*Counsel for Defendant X Corp.,*
*as Successor-in-Interest to Twitter, Inc.*

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| STEPHEN GERBER, ERIC COHEN, and CASEY WEITZMAN, Individually and on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., as Successor-in-Interest to Twitter, Inc.,<br><br>Defendant. | Case No. 4:23-cv-00186-KAW<br><br>**DEFENDANT'S NOTICE OF MOTION AND UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND SECURITY ENGINEERING DECLARATION IN SUPPORT THEREOF**<br><br>**Judge:** Hon. Kandis A. Westmore<br>**Hearing Date:** July 3, 2025<br>**Location:** Oakland, CA<br>**Courtroom:** TBD<br>**Time:** 1:30 p.m. |

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

**NOTICE OF MOTION AND UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 1:30 p.m. on July 3, 2025, or as soon thereafter as counsel may be heard, before the Honorable Kandis A. Westmore, located at 1301 Clay Street, Oakland, California 94612, pursuant to Civil Local Rules 7-11 and 79-5, Defendant X Corp., as Successor-in-Interest to Twitter, Inc. ("Twitter" or "Defendant") will, and hereby does, respectfully move this Court to permit narrow redactions of (1) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion") and (2) the Security Engineering Declaration in Support Thereof ("Security Declaration"). The information that Defendant seeks to seal amounts to (1) the Security Declarant's name, title, and location and (2) a description of how Twitter obtains dark web intelligence to prevent and/or mitigate data security threats.

Plaintiffs do not oppose Twitter's sealing request, as reflected in the Stipulation filed in connection herewith. If those narrow portions of the Motion and Security Declaration are filed publicly, hackers and other bad actors could use the information to circumvent Twitter's security procedures and infiltrate Twitter's systems. There is also a significant risk that, if the Security Declarant's identity is not sealed, the Declarant and/or their family will be subject to threats, harassment, and an invasion of privacy. As such, there is a strong interest in sealing this information. Meanwhile, there is little to no countervailing public interest to make the information publicly available, given that it is not critical to the public's ability to understand the substantive issues set forth in the Motion. Accordingly, Twitter's narrowly tailored sealing request should be granted.

This Unopposed Administrative Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Zaur D. Gajiev ("Gajiev Decl."), the parties'

Stipulation Pursuant to Civil Local Rules 7-11(a) and 7-12, the Court's files in this action, any oral argument of counsel, and such materials and evidence as may be presented to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. LEGAL STANDARD

Although courts apply a "strong presumption in favor of access" to court records, the presumption is not absolute and can be overcome by "compelling reasons supported by specific factual findings." *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Under this standard, courts "must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179.[1] Such compelling reasons exist when court records might "'become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("In deciding whether sufficient countervailing interests exist, the court will look to the public interest in understanding the judicial process and whether disclosure of the material could result in improper use[.]"); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (Koh, J.) (finding "compelling reasons" to seal information that, if made public, "could lead to a breach in the security of the Gmail system").

The public has "limited interest" in knowing the identities of individuals who "are not parties to th[e] case." *Steines v. Crown Media United States, LLC*, 2019 WL 13244574, at *8 (C.D. Cal. Jan. 16, 2019); *see also Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (Gilliam Jr., J.) (granting request to seal identities of defendant's employees because it "implicates

[1] Unless otherwise indicated, emphases in quotes are added and internal citations and internal quotation marks are omitted.

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

important privacy concerns of nonparties—whose names are not relevant to the disposition of the case—that outweigh the public's interest in disclosure of these judicialrecords"); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016) (Breyer, J.) ("There is a compelling reason for sealing, namely, the disclosure of the non-party employees' names would infringe on those individuals' privacy rights.").

## II. ARGUMENT

The Court should issue an order permitting narrow redactions of (1) the Security Declarant's identifying information in the Security Declaration and the Motion—i.e., only their name, title, and location; and (2) a portion of Paragraph 19 of the Security Declaration, and the corresponding language in the Motion, that reveals specific details about how Defendant's security personnel obtain dark web intelligence to prevent and/or mitigate data security threats. Compelling reasons exist to seal this information, including to avoid a significant risk to Defendant's data security and to protect the safety of the Security Declarant and their family. These concerns overcome the public's interest in having access to the information, especially because neither the Security Declarant's identity, nor the specific methods that Defendant's security personnel use to obtain threat intelligence, are critical to understanding the substantive issues of Article III standing in the Motion.

Specifically, absent sealing, hackers and other bad actors could use the Security Declarant's name, title, and location to target the Security Declarant, impersonate them using information available in the Declaration (augmented with public records or other public information), and/or attempt to manipulate other of Defendant's personnel into, for example, granting access to sensitive systems or disabling security controls. Gajiev Decl. ¶ 6. This would pose a significant risk to Defendant's data security. *Id.* Indeed, Defendant's Corporate Security Protective Intelligence Team has assessed that, if the Security Declarant's identity is made public in connection with this lawsuit,

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

there is a "**high risk**" that the Declarant will be targeted for hacking or impersonation attempts in efforts to gain access to Defendant's sensitive systems or disable security controls. *Id.* ¶ 7 (emphasis in original).

The same is true of the information in Paragraph 19 of the Security Declaration and the corresponding sentence in the Motion, describing how Defendant's security personnel obtain dark web intelligence to prevent and/or mitigate data security threats. Revealing this information would assist potential hackers, cybercriminals, and other bad actors to gain insight into Twitter's security systems and devise schemes to circumvent them. Gajiev Decl. ¶ 9. Thus, publicly disclosing the information in Paragraph 19 of the Security Declaration would pose a risk to the company's data security and threat prevention measures. *Id.*

Accordingly, as in *Google*, there are compelling reasons to permit the narrow redactions requested by Defendant—that is, if the information is not sealed, it "could lead to a breach in the security of" Defendant. 2013 WL 5366963, at *3. Moreover, as in *Google*, the information Defendant seeks to seal is "unlikely to be critical to the substantive issue[s]" in the Motion. *Id.*; *see also id.* n.1 (permitting "redactions [that] do not impair the public's ability to understand Plaintiffs' central allegation").

In addition, absent sealing of the Security Declarant's name, title, and location, there is a significant risk that the Security Declarant and/or their family will be subjected to threats, harassment, and an invasion of privacy. Gajiev Decl. ¶ 8. Courts routinely seal the identifying information of non-party declarants where the declarant's identity is not tied to the substance of the underlying motion and where, absent sealing, the declarant and/or their family would likely be subject to such threats. *See, e.g.*, Gajiev Decl. Ex. 1 (Order Granting Unopposed Request to Redact or File Under Seal the Identifying Information of the X Corp. and Rumble Declarants, *Kohls v. Bonta*, No. 2:24-cv-02527-JAM-CKD (E.D. Cal. Mar. 18, 2025), ECF 50); *id.* Ex. 2 (Order Granting

Motion to File Redacted Affidavit, *X Corp. v. Bonta*, No. 2:23-cv-01939-WBS-AC (E.D. Cal. Oct. 10, 2023), ECF 22).

Again, the public interest in understanding the judicial process, *see Phillips*, 307 F.3d at 1213; *Google*, 2013 WL 5366963, at *3, n.1, is not served by knowing the information Defendant seeks to seal. That interest is far outweighed by the substantial risk of harm to Defendant and the Security Declarant that would occur absent the requested sealing. *See* Gajiev Decl. ¶¶ 6–9. Finally, there is no less restrictive alternative, as Defendant's proposed redactions are narrowly tailored to cover only information that is absolutely necessary to avoid the risks to Defendant's data security, and to the Security Declarant.

## III. CONCLUSION

Twitter respectfully requests that the Court grant its Unopposed Administrative Motion to File Under Seal, which proposes narrowly tailored requests to redact information that, if made public, would create risks to Defendant's data security and to the safety of the Security Declarant and their family. The information at issue is not critical to understanding the substantive issues of Article III standing that are presented in the Motion, such that the parties' interest in secrecy outweighs the public's interest in accessing the information.

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

SAWYER & LABAR LLP
1700 MONTGOMERY ST, STE 108
SAN FRANCISCO, CA 94111
TELEPHONE: 415.262.3820
www.sawyerlabar.com

DATED: April 24, 2025

By: /s/ Joel Kurtzberg
Joel Kurtzberg

Joel Kurtzberg (admitted *pro hac vice*)
John MacGregor, State Bar No. 304330
Jason D. Rozbruch (admitted *pro hac vice*)
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Telephone: 212.701.3120
jkurtzberg@cahill.com
jmacgregor@cahill.com
jrozbruch@cahill.com

Adrian Sawyer, State Bar No. 203712
SAWYER & LABAR LLP
1700 Montgomery Street, Suite 108
San Francisco, California 94111
Telephone: 415.262.3820
sawyer@sawyerlabar.com

*Attorneys for Defendant X Corp., as Successor-in-Interest to Twitter, Inc.*