SCOTT+SCOTT ATTORNEYS
AT LAW LLP
Joseph P. Guglielmo (*pro hac vice* admitted)
Anjori Mitra (*pro hac vice* admitted)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
jguglielmo@scott-scott.com
amitra@scott-scott.com

ISRAEL DAVID LLC
Israel David (*pro hac vice* admitted)
Madeline Sheffield (*pro hac vice* forthcoming)
60 Broad Street, Suite 2900
New York, NY 10004
Telephone: (212) 350-8851
israel.david@davidllc.com
madeline.sheffield@davidllc.com

*Co-Lead Counsel for Plaintiffs*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| STEPHEN GERBER, ERIC COHEN, and CASEY WEITZMAN, Individually and on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC. and X CORP., as Successor in Interest to Twitter, Inc.,<br><br>Defendant. | Case No. 4:23-cv-00186-KAW<br><br>**PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>Judge: Hon. Kandis A. Westmore |

**PLAINTIFFS' STATEMENT**

**I.   INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs Stephen Gerber, Eric Cohen and Casey Weitzman ("Plaintiffs") submit this statement in response to Defendant X Corp., as Successor-in-Interest to Twitter, Inc.'s ("Defendant") Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 144).

Plaintiffs seek an order requiring Defendant to file under seal certain portions of each of: (1) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 140) ("Motion"); (2) the Security Engineering Declaration in Support of Defendant's Motion to Dismiss (ECF No. 141) ("Security Engineering Decl."); (3) Exhibits 5, 6 and 7 to the Security Engineering Decl. (ECF Nos. 141-5, 141-6 and 141-7); (4) the Declaration of Joel Kurtzberg in Support of Defendant's Motion to Dismiss (ECF No. 141) ("Kurtzberg Decl."); and (5) Exhibits 7, 8, 10, 17, 21, 22, 33, 34, 35, 36, 37, 38, 39, 40 and 41 to the Kurtzberg Decl. (ECF Nos. 142-7, 142-8, 142-10, 142-17, 142-21, 142-22, 142-33, 142-34, 142-35, 142-36, 142-37, 142-38, 142-39, 142-40 and 142-41), all of which were filed provisionally under seal.  Plaintiffs further seek an order that Defendant be required to file under seal, in their entirety, Exhibits 20 and 32 to the Kurtzberg Decl.  (ECF Nos. 142-20 and 142-32), of which Defendant filed only portions provisionally under seal without any prior consultation with Plaintiffs.  The information Plaintiffs seek to seal is set out in **Appendix A**.

Plaintiffs seek to seal this information because it is comprised of (1) Plaintiffs' sensitive personal information in relation to which Plaintiffs have legitimate privacy interests; (2) Plaintiffs' personal information which, when collected in a single place, may expose Plaintiffs to a risk of identity theft or other harm; and/or (3) the personally identifying information of non-parties.

**II.   LEGAL STANDARD**

The Court has inherent power to seal documents.  *U. S. v. Shyrock*, 342 F.3d 948, 983 (9th Cir. 2003).  Courts in the Ninth Circuit have applied the "compelling reasons" standard to dispositive motions.  *Pintos v. Pac. Creditors Ass'n.*, 605 F.3d 665, 677-78 (9th Cir. 2010)[1] .  The party seeking

---

[1]   Unless otherwise noted, citations are omitted.

1

PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO. 4:23-CV-00186-KAW

to seal "must 'articulate[] compelling reasons supported by specific factual findings' . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006).  A court must "balance the competing interests of the public and the party seeking to seal judicial records." *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).  It is well-recognized by the courts that "[c]ompelling reasons justifying the sealing of court records generally exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Coleman-Anacleto v. Samsung Elecs. Am.*, 2016 U.S. Dist. LEXIS 119358 at *2 (N.D. Cal. Sept. 2, 2016), citing *Kamakana*, 447 F.3d 1178-1179.

Courts in this Circuit consistently seal individuals' information due to privacy concerns. *See, e.g.*, *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) (sealing home addresses and account information, recognizing that "[t]he Ninth Circuit has found compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft"); *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015) (finding compelling reasons to redact email address for privacy concerns); *Benedict v. Hewlett-Packard Co.*, 2014 U.S. Dist. LEXIS 7368 at *10 (N.D. Cal. Jan. 21, 2014) (finding compelling reasons to seal the plaintiff's personal information, including home address, phone number and email address).  Compelling reasons to seal particularly exist where the information concerns non-parties, who "have a heightened expectation of privacy."  *Brinker v. Axos Bank, et al.*, 2025 U.S. Dist. LEXIS 75653 at *11 (S.D. Cal. Apr. 21, 2025) (sealing non-party's property information).

### III.  ARGUMENT

Plaintiffs request sealing of the information set out in Appendix A, which consists of the following personally identifying information: (1) Twitter Account handles, including pseudonymous handles; (2) Twitter Account display names; (3) Twitter Account display images; (3) email addresses; (4) phone numbers; (5) physical address; (6) Instagram Account handles; and

2

Plaintiffs' Statement In Response To Defendant's Administrative Motion To Consider Whether Another Party's Materials Should Be Sealed
Case No. 4:23-cv-00186-KAW

(7) background check documents containing sensitive personal information including names, physical addresses, phone numbers, email addresses, dates of birth, partial social security numbers, search results for criminal, driving and creditor records and names, addresses, dates of birth, partial social security numbers, and phone numbers of Plaintiffs' potential relatives and associates. Plaintiffs are entitled to maintain privacy over this information. In relation to Twitter account handles that are pseudonymous, or do not reveal Plaintiffs' full names, Plaintiffs have an interest in maintaining pseudonymity and preventing association of those handles with their true identities.

In addition, Defendant's filings collate a host of personally identifying information about each Plaintiff in one place. In other words, while certain information in isolation may not, per se, raise privacy concerns (e.g., Plaintiffs' names, or publicly available work-related contact details), its compilation may pose a risk of identity theft or similar malicious exploitation if left unsealed. *See, e.g.*, *Bass v. Facebook, Inc.*, 394 F.Supp.3d 1024, 1035 (N.D. Cal. 2019) ("That each strand of information can be painstakingly collected through a mishmash of other sources is irrelevant. […] Constructing this information from random sources bit by bit, would be hard."). Thus, sealing all the information identified in Appendix A is necessary. Courts have specifically recognized that sealing is justified where the exposure of information creates a risk of identity theft or similar. *Nursing Home Pension Fund*, 2007 WL 3232267, at *2.

Further, Defendant filed background check documents allegedly concerning Plaintiffs Cohen and Weitzman as Exhibits 20 and 32 to the Kurtzberg Decl. (ECF. Nos. 142-20 and 142-32) ("Background Checks"). The Background Checks were filed with only partial redactions. Their filing in this manner was clearly inappropriate. Prior to filing the Background Checks, Defendant never mentioned to Plaintiffs that these documents would be filed, let alone meet and confer regarding them, though Defendant _did_ meet and confer with Plaintiffs regarding the sealing of Plaintiffs' Twitter account handles and email addresses.

The personally identifying information Defendant placed on the public docket by filing the only partially redacted Background Checks includes: (1) purported criminal, driving and creditor record searches allegedly concerning Plaintiff Cohen; (2) the names, addresses, birth month and year, phone numbers and first five digits of the social security numbers of Plaintiff Cohen's potential

relatives/associates; (3) the names, ages and birth date month and year of Plaintiff Weitzman's potential relatives/associates; and (4) the names and physical addresses of businesses potentially owned by Plaintiff Weitzman. The public versions of the Background Checks also reveal Plaintiffs' names. *See* Kurtzberg Decl., Exh. 20 at 17-29, Exh. 32 at 2.[2] Notably, the public filing of the only partially redacted Background Checks violates the prohibition on the public filing of the first five digits of social security numbers and the month in a date of birth under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 5.2.

The information Plaintiffs seek to seal could be used for improper purposes even beyond potential identity theft or similar exploitation, such as for the purposes of harassment or other malicious conduct. The public filing of significant portions of the Background Checks is particularly egregious because of the potentially damaging and embarrassing information they contain and sensitive personal information of non-parties, all without any indicia of reliability.[3] As the courts have recognized, sealing is appropriate where the information may be used for "'improper purposes,' such as scandal, libel or harassment." *Goodman v. Las Vegas Metro. Police Dept.*, 2013 WL 5743638, at *3 (D. Nev. Oct. 16, 2013).

The public has a "minimal interest" in having access to such private information about Plaintiffs. *Uber Techs.*, 2015 WL 355496, at *3. Plaintiffs' personally identifying information is not necessary in order for the public to understand any rulings made in this case, and much of it – for example, purported (and wholly unreliable) criminal, driving records and creditor searches– bear no relevance to any of the issues in this matter. Similarly, the information in the Background Checks

---

[2] While Defendant claims the background check document purportedly pertaining to Plaintiff Cohen is "publicly available," it was obtained through the "LexisNexis SmartLinx" subscription-only platform. See LexisNexis Risk Solutions, https://risk.lexisnexis.com/products/smartlinx-person-report (last accessed May 1, 2025). See, e.g., Silver Fern Chemical, Inc. v. Lyons, 2023 WL 4624477 at * (N.D. Cal. Jul. 19, 2023) (sealing info from subscription database in part because"[t]he information is not publicly available (unless someone pays for access)").

[3] SmartLinx does not verify the accuracy of its reports: "Due to the nature of the origin of public record information, the public records and commercially available data sources used in reports may contain errors. Source data is sometimes reported or entered inaccurately, processed poorly or incorrectly, and is generally not free from defect." See LexisNexis Risk Solutions, https://risk.lexisnexis.com/products/smartlinx-person-report (last accessed May 1, 2025).

regarding non-parties is completely irrelevant and should be sealed given non-parties' heightened privacy expectations. *Brinker*, 2025 U.S. Dist. LEXIS 75653 at *11.

Finally, Plaintiffs' request for sealing is narrowly tailored to seek sealing of the information required to protect Plaintiffs' privacy interests (as demonstrated in Appendix A), and there is no less restrictive alternative to sealing.

## IV.   CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the portions set out in Appendix A to this Statement be sealed.

Dated: May 2, 2025

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 *s/ Joseph P. Guglielmo*
Joseph P. Guglielmo (*pro hac vice* admitted)
Anjori Mitra (*pro hac vice* admitted)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
jguglielmo@scott-scott.com
amitra@scott-scott.com

Joseph A. Pettigrew (CA Bar No. 236933)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 233-4565
jpettigrew@scott-scott.com

**LYNCH CARPENTER LLP**
Gary F. Lynch (*pro hac vice* admitted)
Jamisen A. Etzel (*pro hac vice* forthcoming)
Nicholas A. Colella (*pro hac vice* admitted)
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
gary@lcllp.com
jamisen@lcllp.com

**ISRAEL DAVID LLC**

 *s/ Israel David*
Israel David (*pro hac vice* admitted)
Madeline Sheffield (*pro hac vice* forthcoming)
60 Broad Street, Suite 2900
New York, NY 10004
Telephone: (212) 350-8851
israel.david@davidllc.com
madeline.sheffield@davidllc.com

**ISRAEL DAVID LLC**
Mark A. Cianci (*pro hac vice* admitted)
399 Boylston Street, Floor 6, Suite 23
Boston, MA 02116
Telephone: (617) 295-7771
mark.cianci@davidllc.com

**ZIMMERMAN REED LLP**
Jeff Westerman (CA Bar No. 94559)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Telephone: (877) 500-978
jeff.westerman@zimmreed.com

1  nickc@lcllp.com

2  **WOOD LAW FIRM, LLC**
   E. Kirk Wood (*pro hac vice* forthcoming)
3  P.O. Box 382434
   Birmingham, AL 35238-2434
4  Telephone: (205) 908-4906
5  kirk@woodlawfirmllc.com

6  *Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO. 4:23-CV-00186-KAW

# APPENDIX A

Plaintiffs request that the following information be sealed:

I. Defendant's Motion to Dismiss (ECF No. 140):

| Portion(s) to Seal: | Reason for Sealing: |
|---|---|
| Twitter account handles and email addresses at page 3, lines 7-9, n.3. | All Plaintiffs' personally identifying information. |
| Twitter account handles, email addresses and Twitter account display name at page 4, lines 19-24. | Plaintiffs Gerber and Cohen's personally identifying information. |
| Twitter account handles and Twitter account display names and images at page 5, lines 1-2, 4, 6-21. | Plaintiffs Gerber and Cohen's personally identifying information. |
| Twitter account handles, email addresses and phone numbers at page 6, lines 3-7, 11, 14-17, 22-23. | Plaintiffs Gerber and Cohen's personally identifying information. |
| Twitter account handles, email addresses and Twitter account display name at page 7, lines 2-3, 10-11, 16, 23-24, | Plaintiffs Gerber and Cohen's personally identifying information. |
| Email address at page 8 lines 2, 6. | Plaintiff Gerber's personally identifying information. |
| Twitter handle, Twitter account display name, phone number and email address at page 9, lines 2-5, 7, 10. | Plaintiff Cohen's personally identifying information. |
| Phone number and email addresses at page 10, lines 2, 5-6. | Plaintiff Weitzman's personally identifying information. |
| Twitter account handles at page 11, lines 4-6, 9, 13. | Plaintiffs Gerber and Cohen's personally identifying information. |
| Twitter account handles, Twitter account display name and Twitter account display images at page 13, lines 17, 19-24. | Plaintiff Weitzman's personally identifying information. |
| Twitter account handle, Twitter account display name and Twitter account display images at page 14, lines 1-8. | Plaintiff Weitzman's personally identifying information. |
| Twitter account handles and Twitter account display names at page 15, lines 7-8. | Plaintiffs Gerber and Cohen's personally identifying information. |
| Twitter account handles at page 19, line 11. | Plaintiffs Gerber and Cohen's personally identifying information. |

7

PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO. 4:23-CV-00186-KAW

II. Security Engineering Decl. (ECF No. 141):

| Portion(s) to Seal: | Reason for Sealing: |
|---|---|
| Twitter account handles at page 4, line 21 and n.1 | Plaintiff Gerber's personally identifying information. |
| Twitter account handles and email addresses at page 5, lines 1, 2, 5, 6, and 7. | All Plaintiffs' personally identifying information. |
| Twitter account handles at page 9, lines 4-19. | All Plaintiffs' personally identifying information. |
| Twitter account handles and email address at page 10, lines 2-16, 22. | All Plaintiffs' personally identifying information. |
| Twitter account handles and email addresses at page 11, lines 1-14, 20-24. | All Plaintiffs' personally identifying information. |
| Twitter account handles, email addresses, and Twitter display names at page 12, lines 1-2, 6-7, 10-19, 22-23. | All Plaintiffs' personally identifying information. |
| Email addresses, Twitter account handles and Twitter account display names at page 13, lines 3-7, 9-22. | Plaintiffs Gerber and Cohen's personally identifying information. |
| Twitter account handles, Twitter account display names and Twitter account display images at page 14, lines 2-20. | Plaintiffs Cohen and Weitzman's personally identifying information. |
| Twitter account handles, Twitter account display names and Twitter account display images at page 15, lines 1, 4-20, 22. | Plaintiff Weitzman's personally identifying information. |
| Twitter account handles, phone numbers, Twitter account display name, and Twitter account display images at page 16, lines 2-15, 19, 21-24. | All Plaintiffs' personally identifying information. |
| Twitter account handles and phone numbers at page 17, lines 1-13, 16-23. | Plaintiffs Cohen and Weitzman's personally identifying information. |
| Twitter account handles and phone numbers at page 18, lines 1-10, 12, 14, 17, 19-24. | Plaintiffs Cohen and Weitzman's personally identifying information. |
| Phone numbers, email addresses, and Twitter account handles at page 19, lines 1-7, 9-12, 15-17, 19, 21-23. | All Plaintiffs' personally identifying information. |
| Twitter account handles and Twitter account display name at page 20, lines 2-3, 5, 10-11, 13-14, 17, 21-22, 24-25. | Plaintiffs Gerber and Cohen's personally identifying information. |

8

PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO. 4:23-CV-00186-KAW

| | |
|---|---|
| Twitter account handles, Twitter account display name, and email address at page 21, lines 3-4, 8, 10-12, 15-16, 21-22. | Plaintiffs Gerber and Cohen's personally identifying information. |
| Twitter account handle, email address and Twitter account display name at page 22, lines 4-5, 7 | Plaintiff Gerber's personally identifying information. |
| Twitter account handles at page 23, lines 12, 16, 18-20. | Plaintiff Cohen's personally identifying information. |
| Twitter account display name, Twitter account handle, email address, and phone number at page 24, lines 1-2, 8-10, 15-16, 18, 20. | Plaintiff Cohen's personally identifying information. |
| Twitter account handles, Twitter account display name, and email addresses at page 25, lines 1, 4, 8, 9, 12, 21-22, 24. | Plaintiff Weitzman's personally identifying information. |
| Twitter account handles, Twitter account display name, phone number at page 26, lines 6-7, 10, 17 and 22. | Plaintiff Weitzman's personally identifying information. |

III.   Exhibits to Security Engineering Decl.:

| ECF/Exhibit No.: | Portion(s) to Seal: | Reason for Sealing: |
|---|---|---|
| Exhibit 5 (ECF No. 141-5) | Exhibit in its entirety – contains email addresses, Twitter account handles, Twitter account names, and email addresses. | Plaintiffs Gerber and Cohen's personally identifying information. |
| Exhibit 6 (ECF No. 141-6) | Exhibit in its entirety – contains email addresses, Twitter account handles, Twitter account names, Twitter account images, and email addresses. | Plaintiffs Gerber and Cohen's personally identifying information. |
| Exhibit 7 (ECF No. 141-7) | Exhibit in its entirety – contains Twitter account handles, Twitter account display names, and Twitter account images. | Plaintiff Weitzman's personally identifying information. |

IV.  Declaration of Joel Kurtzberg (ECF No. 141):

| Portion(s) to Seal: | Reason for Sealing: |
|---|---|
| Twitter handle and email addresses at page 3, lines 8-10. | Plaintiffs Gerber and Weitzman's personally identifying information. |
| Email address at page 4, lines 10-11, 13 and 16. | Plaintiff Gerber's personally identifying information. |
| Email address at page 5, lines 2, 5, 10, 19 and 22. | Plaintiff Gerber's personally identifying information. |
| Email address at page 6, lines 6, 9 and 17. | Plaintiff Gerber's personally identifying information. |
| Email addresses at page 7, lines 2, 6, 14, 20-22. | Plaintiffs Cohen and Gerber's personally identifying information. |
| Email address at page 8, lines 1, 4, 14 and 22. | Plaintiff Cohen's personally identifying information. |
| Email addresses and phone numbers at page 9, lines 1, 4, 11, 15-17, 20-21. | Plaintiffs Cohen and Weitzman's personally identifying information. |
| Email address at page 10, lines 1, 8, 12, 16, 19, 21 and 23. | Plaintiff Weitzman's personally identifying information. |
| Email address at page 11, lines 6, 12, 19 and 22. | Plaintiff Weitzman's personally identifying information. |
| Email address at page 12, lines 6, 15, 18 and 22. | Plaintiff Weitzman's personally identifying information. |
| Email address at page 13, lines 1, 5, 13 and 17. | Plaintiff Weitzman's personally identifying information. |
| Email address at page 14, lines 1, 10, 14, 23. | Plaintiff Weitzman's personally identifying information. |
| Email address, full name, phone number, age, email addresses, and physical address at page 15, lines 3-4, 10-13, 17, 20-23. | Plaintiff Weitzman's personally identifying information. |
| Twitter account handle, email address, phone number, and physical address at page 16, lines 1-2, 6-7, 10-11, 15, 19. | Plaintiff Weitzman's personally identifying information. |
| Email addresses at page 17, 1, 5. | Plaintiff Weitzman's personally identifying information. |

V. Exhibits to Kurtzberg Decl.:

| ECF/Exhibit No.: | Portion(s) to Seal: | Reason for Sealing: |
|---|---|---|
| Exhibit 7 (ECF No. 142-7) | Twitter handles and email addresses at page 10, lines 9-14. | All Plaintiffs' personally identifying information. |
| Exhibit 8 (ECF No. 142-8) | Twitter handle and email addresses at page 2. | Plaintiffs Gerber and Weitzman's personally identifying information. |
| Exhibit 10 (ECF No. 142-10) | Email address at page 2. | Plaintiff Gerber's personally identifying information. |
| Exhibit 17 (ECF No. 142-17) | Email address at page 2. | Plaintiff Cohen's personally identifying information. |
| Exhibit 20 (ECF No. 142-20) | Exhibit in its entirety – background check document containing sensitive personal information including Plaintiff Cohen's name, physical addresses, phone numbers, email addresses, date of birth, partial social security records, search results for criminal, driving and creditor records, and names, full addresses, month and year of birth, and first five digits of Social Security numbers of potential relatives/associates. | Plaintiff Cohen's and non-parties' detailed and sensitive personally identifying information. |
| Exhibit 21 (ECF No. 142-21) | Email address at page 2. | Plaintiff Weitzman's personally identifying information. |
| Exhibit 22 (ECF No. 142-22) | Email address at page 2. | Plaintiff Weitzman's personally identifying information. |
| Exhibit 32 (ECF No. 142-32) | Exhibit in its entirety – background check | Plaintiff Weitzman's and non-parties' detailed and |

|  |  |  |
|---|---|---|
|  | document containing sensitive personal information including Plaintiff Weitzman's name, physical addresses, email addresses, phone numbers, age, birth date, and the full names, ages and month and year of birth of possible relatives/associates. | sensitive personally identifying information. |
| Exhibit 33 (ECF No. 142-33) | Phone number and email address at page 4. | Plaintiff Weitzman's personally identifying information. |
| Exhibit 34 (ECF No. 142-34) | Physical address, phone number, and email address at page 2. | Plaintiff Weitzman's personally identifying information. |
| Exhibit 35 (ECF No. 142-35) | Physical address, phone number, and email address at page 14. | Plaintiff Weitzman's personally identifying information. |
| Exhibit 36 (ECF No. 142-36) | Email address and Twitter handle at page 6. | Plaintiff Weitzman's personally identifying information. |
| Exhibit 37 (ECF No. 142-37) | Physical address, phone number, and email address at page 5. | Plaintiff Weitzman's personally identifying information. |
| Exhibit 38 (ECF No. 142-38) | Twitter account handle and Instagram account handle at page 3. | Plaintiff Weitzman's personally identifying information. |
| Exhibit 39 (ECF No. 142-39) | Twitter account handle and Instagram account handle at page 3. | Plaintiff Weitzman's personally identifying information. |
| Exhibit 40 (ECF No. 142-40) | Phone number and email address at page 5. | Plaintiff Weitzman's personally identifying information. |
| Exhibit 41 (ECF No. 142-41) | Physical address, phone number, and email address at page 2. | Plaintiff Weitzman's personally identifying information. |