UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GERBER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., et al.,<br><br>Defendants. | Case No. 4:23-cv-00186-KAW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CERTIFY DECEMBER 18, 2024 ORDER FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 117 |

On February 26, 2025, Defendant Twitter, Inc. filed a motion to certify for interlocutory appeal two rulings in the December 18, 2024 order granting in part and denying in part Defendant's motion to dismiss.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES Defendant's motion to certify the order for interlocutory appeal.

## I. BACKGROUND

The relevant background is set forth in the December 18, 2024 Order. (Order, Dkt. No. 106.) In sum, Plaintiffs allege that Defendant Twitter breached an implied contract to secure user data, despite knowing of its security vulnerabilities, which led to a data breach of personal identifying information ("PII") for an estimated 200 million users from around June 2021 through January 2022. *Id.* at 1-2. The PII consisted of users' names, email addresses, phone numbers, and dates of birth, and was offered for sale and/or leaked on the dark web between August 2022 and January 2023. *Id.*

On December 18, 2024, the Court granted in part and denied in part Defendant's motion to dismiss. In so doing, the Court dismissed the express breach of contract claim with prejudice and

1  denied the motion in all other respects. (Order at 17.)  The Order found that the Terms of Service
2  were unconscionable and, therefore, not enforceable, in part, due to the intentional conduct
3  alleged—i.e. Twitter knew of the security vulnerabilities and declined to address them. *Id.* at 12.
4  The Order also found that Plaintiffs sufficiently alleged a claim for breach of implied contract. *Id.*
5  at 14. In denying the motion to dismiss that implied contract claim, the Court noted that
6  Defendant's motion failed to provide "any analysis or cogent argument" and, instead, moved to
7  dismiss "based on the same rationale as the express contract claim—namely that Plaintiffs fail to
8  identify a single promise in the User Agreement that Twitter breached." *Id.* (citing Def.'s Mot.,
9  Dkt. No. 89 at 10.)

10 On February 26, 2025, Defendant filed the instant motion to certify for interlocutory
11 appeal. (Def.'s Mot., Dkt. No. 117.)  On March 21, 2025, Plaintiffs filed an opposition. (Pls.'
12 Opp'n, Dkt. No. 124.)  On April 4, 2025, Defendant filed a reply. (Def.'s Reply, Dkt. No. 126.)

## II.     LEGAL STANDARD

Generally, a party may only seek review of a district court's rulings after the entry of final judgment. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982).  Under 28 U.S.C. § 1292(b), however, a party may request a certification order permitting it to immediately appeal a court's interlocutory ruling. A movant seeking an interlocutory appeal has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly.").

Certification may be appropriate where: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). The party pursuing the interlocutory appeal bears the burden of demonstrating that all three requirements have been met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Whether to grant certification under § 1292(b) is a matter of the district court's discretion.

*See Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995).

**III.   DISCUSSION**

The first requirement for an interlocutory appeal under § 1292(b) is that the movant demonstrate the existence of a controlling question of law. For purposes of § 1292(b), "controlling" means that "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. The controlling question of law in an interlocutory appeal is generally a purely legal issue that can be resolved quickly without delving into a particular case's facts. *See Steering Comm. v. United States*, 6 F.3d 572, 575-76 (9th Cir. 1993).

Defendant contends that there are two "controlling questions" that warrant an immediate appeal.  First, Defendant challenges the Court's finding that the contractual disclaimers were oppressive and procedurally unconscionable when they govern "the provisions of nonessential and free recreational activities, such as social media." (Def.'s Mot. at 1.)  Second, Defendant disputes the finding that the generalized statements on its website could be a basis for a claim of breach of implied contract. *Id.*

As to the breach of implied contract claim, despite its protestations to the contrary, Defendant did not meaningfully move to dismiss this claim, as stated in the Order. (Order at 14:16-19.)  Even so, in declining to dismiss this claim, the Court found that California law provides that a contract "can be inferred through a series of documents, statements, and website representation… so long as the implied terms do not vary from the express terms." (Order at 12:21-27 (citing *In re Pepperdine Univ. Tuition & Fees COVID-19 Refund Litig.*, 659 F. Supp. 3d 1086, 1093-94 (C.D. Cal. 2023)). In finding that no express contract existed regarding data security, the implied contract claim did not contradict any express terms. (*See* Order at 14-15.) Nonetheless, the Court exercises its discretion in denying the motion as to the implied contract claim for failure to raise the arguments in connection with the motion to dismiss. *Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996) ("To have been properly raised below, 'the argument must be raised sufficiently for the trial court to rule on it.'").

As to the unconscionability argument, the Court finds that this is not an exceptional

situation warranting a departure from the general order of litigation. The cases cited by Defendant to illustrate that there is a difference of opinion are factually distinct, rendering this not a situation in which a question of law can be resolved without delving into the facts of this case. *See Steering Comm.*, 6 F.3d at 575. In fact, the Order addressed some of the cases cited and identified why they were different. (Order at 9-13.) In other cases, such as *Adkins v. Facebook, Inc.,* No. 18-cv-05982 WHA, 2019 WL 3767455, at *2 (N.D. Cal. Aug. 9, 2019), the Court noted that other courts in this district disagreed, but based on the circumstances of this case, it then relied on cases that it found to be more persuasive. (*See* Order at 9-13.) Moreover, to the extent that Defendant contends that a ruling would materially advance the litigation, "[if] the Court were to accept that argument, essentially all 'potentially dispositive interlocutory orders would be automatically appealable.'" *Henley v. Jacobs*, No. C 18-2244 SBA, 2019 WL 8333448, at *3 (N.D. Cal. Oct. 25, 2019) (quoting *Hotel Employees & Rest. Employees Union, Local 2, AFL-CIO v. Marriott Corp.*, No. C 89-2707 MHP, 1993 WL 13956975, at *3 (N.D. Cal. Nov. 12, 1993)). Instead, Defendant's arguments merely indicate a "disagree[ment] with the Court's ruling, which is insufficient to establish a substantial ground for difference of opinion as contemplated by § 1292(b)." *See Henley,* 1993 WL 13956975, at *3. Thus, Defendant fails to carry its heavy burden.

Accordingly, the Court declines to certify the December 18, 2024 order for interlocutory appeal.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's motion to certify the December 18, 2024 order for interlocutory appeal is DENIED.

IT IS SO ORDERED.

Dated: May 9, 2025

KANDIS A. WESTMORE
United States Magistrate Judge