UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GERBER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TWITTER, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-00186-KAW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 185 |

On October 30, 2025, Defendant Twitter, Inc. filed a motion for leave to file a motion for reconsideration of the October 16, 2025 discovery order. (Def.'s Mot. for Leave, Dkt. No. 185.) Therein, Defendant argues that the privilege log documents were created to "advise Twitter about anticipated litigations worldwide, Twitter's regulatory obligations, and to mitigate the risks of anticipated regulatory proceedings." (*Id.* at 8.) In finding that attorney-client privilege and work product privilege did not apply, the Court found that the regulatory obligations appeared to be related to business requirements. (*See* Oct. 16, 2025 Order at 3, Dkt. No. 178.) Thus, the Court found that the privilege log documents would have been created for those business requirements even if no litigation was anticipated. (*Id.*)

Based on the Court's review of Defendant's motion for leave, Defendant appears to argue that advising about the regulatory obligations was legal advice, rather than being related to business requirements. (*See* Def.'s Mot. for Leave at 17; *but see In re Dominion Dental Servs. USA, Inc.*, 429 F. Supp. 3d 190, 193 (E.D. Va. 2019) ("materials prepared in the ordinary course of business or pursuant to regulatory requirements or for other non-litigation purposes are not documents prepared in anticipation of litigation").) The Court believes it could benefit from more fulsome briefing on this specific issue. Thus, the Court GRANTS Defendant's motion for leave.

1 Defendant may file a brief, which shall be no more than 10 pages, focusing on whether advising about the regulatory obligations constitutes legal advice (as opposed to business requirements). Defendant is reminded that with respect to attorney-client privilege, **California state law applies**, such that "if a report is prepared in the usual course of business for a purpose independent of possible legal consultation, no privilege is created even if the document is later sent to counsel." *City of Hemet v. Superior Court*, 37 Cal. App. 4th 1411, 1418 (1995). Defendant should also not focus on the Monteiro declaration, which simply reiterates that the privilege log documents were meant to advise Defendant about anticipated litigations, Defendant's regulatory obligations, and to mitigate the risks of anticipated regulatory proceedings.

Defendant shall file its motion for reconsideration by **December 15, 2025**. Plaintiffs may file an opposition, which shall be no more than 10 pages, by **January 8, 2026**. Defendant may file a reply, which shall be no more than 7 pages, by **January 15, 2026**. The Court sets the motion for reconsideration for hearing on **February 5, 2026** at 1:30 p.m.

Should Defendant file its motion for reconsideration by December 15, 2025, the Court will deem the October 16, 2025 order stayed until the motion for reconsideration is resolved.

IT IS SO ORDERED.

Dated: December 1, 2025

KANDIS A. WESTMORE
United States Magistrate Judge